**Hibeeb HUFMEN, Petitioner**

v.

**BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 14, 2012.

Decided Dec. 4, 2012.

---

Curtis J. Irwin, Clearfield, for petitioner.

Arthur R. Thomas, Assistant Counsel, Harrisburg, for respondent.

Before: PELLEGRINI, President Judge, and LEADBETTER, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY President Judge PELLEGRINI.

Hibeeb Hufmen (Petitioner) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) denial of his request for administrative relief from its previous order recommitting him as a convicted parole violator to serve six months backtime for pleading guilty to a summary charge of retail theft. Because a conviction of only a summary offense, whether before a magisterial district judge or a common pleas judge, is not alone a sufficient basis to recommit a parolee as a convicted parole violator, we reverse the Board's order.

On September 12, 2007, the Board paroled Petitioner from a three to six-year sentence for possession of a controlled substance with intent to deliver. The sentence had a minimum release date of December 5, 2008, and a maximum release date of December 5, 2011. Petitioner was assigned to reside in the Philadelphia parole district. On January 9, 2011, Petitioner was arrested by the Radnor Township Police Department and charged with retail theft, conspiracy to commit retail theft and resisting arrest, a second degree misdemeanor.

After several continuances, a preliminary hearing was held before a magisterial district judge on March 29, 2011. Neither Petitioner nor his counsel attended the preliminary hearing. The magisterial district judge held Petitioner for court on the

charges and transferred the case to the Court of Common Pleas of Delaware County (trial court). On June 14, 2011, Petitioner, under the alias "Karrien A. Sweet," entered a guilty plea in the trial court before the common pleas judge to one count of retail theft graded as a summary offense[1] and was sentenced to no further penalty.

On July 22, 2011, Petitioner signed a "Waiver of Revocation Hearing and Counsel/Admission Form" (waiver form) waiving his revocation hearing with the Board. Petitioner acknowledged in writing on the waiver form that he pled guilty in the trial court to the summary charge of retail theft. However, Petitioner also wrote the following on the waiver form: "When I plead guilty I was under the impression that this was my preliminary hearing. It was stated on the Record." (Certified Record at 18). By a revocation decision mailed September 22, 2011, the Board recommitted Petitioner as a convicted parole violator to serve six months backtime based on his waiver of the revocation hearing and admission of his guilty plea of the summary offense of retail theft.[2]

Petitioner filed a *pro se* administrative appeal in which he claimed that the Board erred in recommitting him as a convicted parole violator. Specifically, he argued that the common pleas judge was acting as a magisterial district judge when she ac-

cepted his guilty plea and, therefore, he was not convicted in a court of record. The Board denied his request for administrative relief and affirmed its September 16, 2011 decision, explaining:

> The record reflects that you waived your right to a revocation hearing and admitted to being convicted of Retail Theft in a court of record and in violation of your parole via a form executed on July 22, 2011. The waiver/admission form specifically indicates that you chose to take said action of your own free will, without promise, threat or coercion. You also failed to withdraw the waiver/admission within the prescribed ten-day grace period. Moreover, nothing in the record supports your contention that [the common pleas judge] was sitting as a magistrate when she accepted your guilty plea.

(Certified Record at 54). This appeal followed.[3]

On appeal, Petitioner contends that the common pleas judge was sitting as a magisterial district judge when she accepted his guilty plea for retail theft, pointing to the fact that no stenographic record of the proceeding was made or required to be made. Therefore, he argues, his guilty plea did not constitute a conviction in a court of record and, accordingly, the Board was not authorized to recommit him as a convicted parole violator.[4]

---

1. Retail theft is graded as a summary offense when it is a first offense and the value of the merchandise is less than $150. 18 Pa.C.S. § 3929(b)(1)(i).

2. By a revocation decision mailed May 2, 2011, the Board also recommitted Petitioner as a technical violator to serve six months backtime for leaving his district without permission. (Certified Record at 9).

3. Our scope of review of a decision by the Board is limited to determining whether the necessary findings of fact are supported by

substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 350 n. 1 (Pa.Cmwlth.2007).

4. Petitioner attached Appendices J and K to his appellate brief. Appendix J contains his Petition for Review with portions of transcripts from the March 29, 2011 preliminary hearing and the June 14, 2011 plea hearing attached as Exhibits A and B. Appendix K is a

Summary offenses are normally disposed of by district magistrates, which are not courts of record. Chapter 4 of the Pennsylvania Rules of Criminal Procedure (Criminal Rules). However, when a summary offense is just one charge arising out of a single criminal episode in which misdemeanors and felonies are also charged, the district magistrate does not adjudicate the summary conviction because double jeopardy may attach to the other charges. *See Commonwealth v. Campana,* 455 Pa. 622, 626–28, 314 A.2d 854, 856–57, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). The summary offense is then disposed of by the common pleas court when addressing the misdemeanors and/or felonies.

In what capacity a court of common pleas is acting when disposing of a summary conviction is important because Section 6138(a)(1) of the Prisons and Parole Code (Code), regarding convicted violators, provides:

A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter **in a court of record,** may at the discretion of the board be recommitted as a parole violator. (Emphasis added.)

61 Pa.C.S. § 6138(a)(1). "The law is well settled that a summary offense conviction by a magisterial district judge, or a common pleas judge sitting as a magisterial district judge, is not a conviction in a court of record and that the Board is not authorized to recommit a parolee as a convicted parole violator for such a conviction." *Chesson v. Pennsylvania Board of Probation and Parole,* 47 A.3d 875, 880 (Pa. Cmwlth.2012).

The effect of how a court of common pleas is sitting was set forth in *Goodwine v. Pennsylvania Board of Probation and Parole,* 960 A.2d 184, 188 (Pa.Cmwlth. 2008), *appeal denied,* 600 Pa. 775, 968 A.2d 1281 (2009), where we noted that:

Because judges have the inherent power to sit as district justices for a criminal matter, once misdemeanor and felony charges have been resolved, common pleas judges can then sit as district justices in disposing of the remaining summary charges.... To hold otherwise would raise serious constitutional questions of due process and equal protection involving a liberty interest because it would mean that a parolee found guilty of a summary offense by a common pleas judge would lose years of street time while a parolee found guilty by a district justice would not. (Citations omitted.)

For the reasons above, we have been struggling with the issue of whether a court of common pleas in disposing of a summary offense is sitting as a court of record or not.

In *Barna v. Pennsylvania Board of Probation and Parole,* 8 A.3d 370 (Pa. Cmwlth.2010), the petitioner (Barna) argued that the Board erred by determining

Petition for Clarification of Sentence, filed in the trial court by Petitioner's counsel on March 12, 2012, requesting that the common pleas judge clarify her intentions regarding her judicial status during Petitioner's guilty plea on June 14, 2011. The Board filed a motion to strike Appendices J and K and to suppress Petitioner's Brief pursuant to Pa. R.A.P. 2101. Because Appendices J and K were not part of the record made before the Board, we strike those portions of Petitioner's brief, but deny the Board's motion to suppress Petitioner's entire brief.

that he was a convicted parole violator because a court of common pleas judge found him guilty of only a summary charge of harassment. We affirmed the Board's decision, noting that common pleas courts are courts of record pursuant to Section 321 of the Judicial Code, 42 Pa.C.S. § 321, and that nothing in the record indicated that the common pleas judge who found Barna guilty was sitting as a magisterial district judge. 8 A.3d at 372. In that case, we did not address the impact of the Criminal Rules of Procedure on what capacity a common pleas judge is acting when hearing summary offenses.[5]

Recently, in *Chesson*, we addressed for the first time the impact of the Criminal Rules of Procedure on whether a court of record was sitting as a magistrate when disposing of a summary conviction. In that case, we held that a summary offense conviction before the Municipal Court of Philadelphia, normally a court of record, was not a conviction in a court of record for purposes of Section 6138(a)(1) of the Code because:

> Chapter 4 [of the Criminal Rules of Procedure] provides that summary offenses, whether brought by citation or complaint, are filed with an "issuing authority." Pa. R.Crim. P. 406; Pa. R.Crim. P. 420. The summary offense charged is then either disposed of by a guilty plea or by a trial before the "issuing authority." Pa. R.Crim. P. 424; Pa. R.Crim. P. 454. "Issuing Authority" is defined under the Rules as "any public official having the power and authority of a magistrate, a Philadelphia arraignment court magistrate, or a magisterial district judge." Pa. R.Crim. P. 103.

*Chesson*, 47 A.3d at 880. Because Pa. R.Crim. P. 1002(A) provides that "all criminal proceedings in which a person is accused only of ... non-traffic summary offenses ... shall proceed as provided in Chapter 4 of the Rules of Criminal Procedure," we held that "a conviction for a summary offense before the Municipal Court of Philadelphia County is the functional equivalent of a conviction before a magisterial district judge." *Chesson*, 47 A.3d at 880. The question here is whether the reasoning we applied in *Chesson* to find that the Municipal Court of Philadelphia sat as a magistrate also applies to the courts of common pleas.

■ Had Petitioner initially only been charged with summary retail theft, he would have been tried before a magisterial district judge and, if convicted, would not have been recommitted as a convicted parole violator. Because he was also charged with a misdemeanor, however, the charges were transferred to a common pleas judge. Following the rationale of *Chesson*, once Petitioner's misdemeanor charge was dropped and only a summary charge remained, the case proceeded under Pa. R.Crim. P. 1002(A), and Chapter 4 of the Rules of Criminal Procedure applied. Accordingly, when disposing of a summary offense, a common pleas judge is sitting as "the issuing authority," i.e., a magistrate under Pa. R.Crim. P. 103.

---

5. *See Barna,* 8 A.3d at 372 n. 2 ("Barna does not contend in this appeal that the distinction in the law regarding summary offense convictions before magisterial district judges and common pleas judges, or the distinction between courts of record and courts not of record, *violates his constitutional right to equal protection.* Nor does he argue that there is no rational basis for the preceding distinctions.... [A]n intermediate appellate court is limited to passing upon the legal questions that come before it and may not review questions that were never raised. The principle that a court will consider only the controversies preserved by the litigants even applies to allegations of constitutional error. Nevertheless, *we note that had this issue been properly raised and developed, the outcome of this appeal might have been different.*") (citations omitted).

■ Applying the aforementioned Rules of Criminal Procedure and *Chesson*, we must conclude that a conviction for a summary offense before a judge of the court of common pleas is the functional equivalent of a conviction before a magisterial district judge, which makes Petitioner's conviction of the summary offense of retail theft not a conviction in a court of record for the purposes of Section 6138(a)(1) of the Code. Accordingly, because a conviction of only a summary offense, whether before a magisterial district judge or a common pleas judge, is not alone a sufficient basis to recommit a parolee as a convicted parole violator, the order of the Board is reversed.[6]

Judges SIMPSON and COVEY concur in the result only.

### *ORDER*

AND NOW, this 4th day of December, 2012, the order of the Pennsylvania Board of Probation and Parole, dated September 16, 2011, at No. 384–AM, is reversed.

The Board's Motion to Strike Documents Attached to Petition for Review and Suppress Brief is granted in part and denied in part. The Motion is granted with respect to the striking of Appendices J and K of Petitioner's Brief. The Motion is denied with respect to the request to suppress Petitioner's Brief.

---

**6.** The Board also argues that Petitioner waived all nonjurisdictional defenses to his conviction and parole revocation because he waived his right to a hearing and admitted his guilty plea on the signed waiver form. We disagree because the statements provided by Petitioner on the waiver form are inconsistent. Petitioner's statement that "When I pled guilty I was under the impression that this was my preliminary hearing" is clearly in conflict with his admission that he was convicted in a court of record. We cannot consider this to be a knowing and intelligent waiver of his right to a revocation hearing. Therefore, even if we held that Petitioner was convicted in a court of record, we would nonetheless remand the case to the Board to conduct a revocation hearing.