J-S13009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD PAUL KRUTH, | |
| Appellant | No. 502 WDA 2014 |

Appeal from the Order Entered March 21, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002460-2013

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 16, 2015**

Appellant, Gerald Paul Kruth, appeals from the trial court's March 21, 2014 order denying his "Motion to Compel Acceptance of Summary Appeal for Filing by Court Records" (hereinafter, Motion to Compel).  For the reasons stated *infra*, we conclude that the court erred by denying that motion.  Therefore, we vacate the court's March 21, 2014 order and remand for further proceedings consistent with this memorandum decision.

The trial court set forth the procedural history of this case as follows:

> Appellant … was charged by criminal information … with one count of [misdemeanor] simple assault, originally filed as a private complaint.

> The case was assigned to the Honorable Beth A. Lazzara. Judge Lazzara granted the Commonwealth's motion to amend the misdemeanor count of simple assault to a summary count of harassment, and to add one summary count of disorderly conduct.  The trial was scheduled for February 25, 2014, wherein Judge Lazzara agreed to sit as a magistrate.

On February 25, 2014, the case was reassigned to the Honorable Edward J. Borkowski. Appellant proceeded to a trial on that date before the [t]rial [c]ourt. At the conclusion of trial[,] Appellant was found guilty of the summary count of harassment and not guilty of the summary count of disorderly conduct.

That same day, Appellant was sentenced by the Trial Court to a period of probation of ninety days.

Appellant filed a Motion to Compel Acceptance of Summary Appeal for Filing by Court Records on March 19, 2014, which was denied by the [t]rial [c]ourt on March 21, 2014. The [t]rial [c]ourt was not sitting as a magistrate, but was instead sitting as the finder of fact and law in a trial of summary offenses. Appellant filed a timely notice of appeal on March 27, 2014.[1]

Trial Court Opinion (TCO), 10/15/14, at 2-3 (footnote omitted).

On April 4, 2014, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied with that order on April 11, 2014. On October 15, 2014, the trial court issued a Rule 1925(a) opinion concluding that Appellant waived his appellate issue(s) because his Rule 1925(b) statement "fails to comply with Rule 1925(b)(4)." TCO at 6.

_____

[1] Appellant's notice of appeal states that he is appealing from *both* his February 25, 2014 judgment of sentence of 90 days' probation, as well as the trial court's March 21, 2014 order denying his Motion to Compel. While Appellant should have filed two separate notices of appeal, it is clear from the issues he asserts herein that he seeks to challenge *only* the court's order denying his Motion to Compel. Accordingly, we will consider Appellant's notice of appeal as stemming from the entry of that final order, and not from his judgment of sentence. ***See Zokaites v. Pittsburgh Irish Pubs, LLC***, 962 A.2d 1220, 1222 (Pa. Super. 2008) (considering an appeal from an order denying a motion to compel).

Herein, Appellant raises two issues for our review:

1. Has [Appellant] waived the issue of whether he is entitled to file a summary appeal to a trial *de novo*?

2. Is [Appellant] entitled to file a summary appeal to a trial *de novo*?

Appellant's Brief at 2.

Appellant initially challenges the trial court's determination that he waived his appellate issue by failing to file a proper Rule 1925(b) statement. In reaching this conclusion, the trial court began by quoting Appellant's multi-page Rule 1925(b) statement, which contains a lengthy narrative of the procedural history of his case. The court then set forth the following excerpt from this Court's decision in **In re A.B.**, 63 A.3d 345 (Pa. Super. 2013):

> This Court has considered the question of what constitutes a sufficient 1925(b) statement on many occasions, and it is well-established that Appellant's concise statement must properly specify the error to be addressed on appeal. [T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. Further, this Court may find waiver where a concise statement is too vague. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.

**Id.** at 350 (internal citations and quotation marks omitted). After quoting this passage from **In re A.B.**, the trial court stated that a Rule 1925(b) statement "should not be redundant or provide lengthy explanations as to any error." TCO at 6 (citing Pa.R.A.P. 1925(b)(4)(iv)). The court then concluded that "Appellant's four-page Concise Statement is substantially the

same as Appellant's Motion to Compel. This filing fails to comply with Rule 1925(b)(4), and Appellant's claim is waived." ***Id.***

From the trial court's opinion, it is not clear whether the court found Appellant's Rule 1925(b) statement inadequate because it was overly vague, or because it was 'redundant' and/or excessively lengthy. In any event, however, we disagree with the court that Appellant's Rule 1925(b) statement was so inadequate as to preclude the court from ascertaining, and meaningfully reviewing, his appellate claim. To be sure, Appellant did not format his Rule 1925(b) statement in the typical fashion, and it was unnecessary for him to include a protracted procedural history of his case. However, at the close of Appellant's Rule 1925(b) statement, he declares:

> Therefore, the denial to [Appellant] of his right to file a summary appeal for a trial *de novo* not only violates an on-the-record agreement, but also violates the clear dictates of Pa.R.Crim.P. [] 454. As such, Judge Borkowski's Order prohibiting the summary appeal should be reversed, and [Appellant] should be entitled to a trial *de novo*.

Rule 1925(b), 4/11/14, at 3-4 (emphasis omitted). We conclude that this portion of Appellant's Rule 1925(b) statement adequately conveyed to the trial court that Appellant is challenging the court's denial of his Motion to Compel because Appellant believes he is entitled to a summary appeal for a trial *de novo*. Therefore, we conclude that Appellant has preserved this issue for our review, and we will now assess the merits of his argument.

Appellant maintains that the trial court erred by denying his Motion to Compel because he is entitled to a summary appeal for a trial *de novo* for

two main reasons: (1) there was an on-the-record agreement that Appellant would be permitted to file such an appeal, and (2) under Chapter 4 of the Pennsylvania Rules of Criminal Procedure, which governs summary cases, he was entitled to file a summary appeal for a trial *de novo* within 30 days of his conviction. Namely, Appellant cites Rule 454 of that chapter, which states, in relevant part:

> (B) … If the defendant pleads not guilty, the issuing authority shall try the case in the same manner as trials in criminal cases are conducted in the courts of common pleas when jury trial has been waived; …
>
> …
>
> (F) At the time of sentencing, the issuing authority shall:
>
> …
>
>> (2) advise the defendant of the right to appeal within 30 days for a trial *de novo* in the court of common pleas …[.]

Pa.R.Crim.P. 454(B) and (F)(2).

In response to Appellant's arguments, the Commonwealth contends that Appellant's "reliance on [Rule] 454 is misplaced[,]" as that rule "governs cases which *originated* as summary cases and never were brought in the Court of Common Pleas." Commonwealth's Brief at 13 (emphasis added). The Commonwealth avers that because Appellant's case "originated as a 'court case[,]'" it is governed by Chapter 5 of the Rules [of Criminal Procedure,]" namely Rules 561 and 589. *Id.* at 14. Rule 561 states, in pertinent part, that "[i]n any case in which all the misdemeanor, felony, and murder charges are withdrawn pursuant to this rule, any remaining

summary offenses *shall be disposed of in the court of common pleas*."
Pa.R.Crim.P. 561(C) (emphasis added). Rule 589 contains nearly identical
language. ***See*** Pa.R.Crim.P. 589(B) ("In any case in which all the
misdemeanor, felony, and murder charges are withdrawn pursuant to Rule
561, any remaining summary offenses shall be disposed of in the court of
common pleas*.*"). The Commonwealth maintains that the language of these
rules indicates "that once a matter has left the issuing authority, it is
appropriate that it remain and 'be disposed of in the court of common
pleas[,]'" regardless of whether the case ultimately involves only summary
offenses. Commonwealth's Brief at 15. The Commonwealth correctly points
out that "a judge of the Court of Common Pleas may hear a summary case."
Commonwealth's Brief at 16-17 (citing ***Commonwealth v. Ritter***, 408 A.2d
1146, 1147 (Pa. Super. 1979)); ***see also*** 42 Pa.C.S. § 912 ("Every judge of
a court of common pleas shall have all the powers of a judge or magisterial
district judge of the minor judiciary."); ***Commonwealth v. Allem***, 532 A.2d
845, 850 (Pa. Super. 1987) (stating "judges of the court of common pleas
are clearly empowered to sit as issuing authorities"). Finally, the
Commonwealth contends that when a judge of the court of common pleas
presides over such summary cases, he/she does so "as a judge of the Court
of Common Pleas[,]" *not* as an 'issuing authority' or magistrate judge.
Commonwealth's Brief at 17. As such, Judge Borkowski was not presiding
over Appellant's case as a magistrate, and Appellant is not entitled to a
summary appeal for a trial *de novo*.

Initially, we agree with the Commonwealth that a court of common pleas judge may hear a summary case. We also agree that under Rules 561 and 589, a case remains in the court of common pleas when it originates in that court, yet it evolves into a summary case based on the misdemeanor and/or felony charges being withdrawn or otherwise eliminated. However, we *disagree* with the Commonwealth that when a court of common pleas judge presides over a summary case in such circumstances, the judge is precluded from sitting as an 'issuing authority' or magistrate judge. Indeed, the Commonwealth Court of Pennsylvania has held that a court of common pleas judge presiding in summary cases is *necessarily* acting as a magistrate or issuing authority.

Specifically, in **Hufmen v. Board of Probation and Parole**, 58 A.3d 860 (Pa. Cmwlth 2012) (*en banc*), the Commonwealth Court considered a case involving the following procedural history:

> On September 12, 2007, the [Pennsylvania Board of Probation and Parole (Board)] paroled [Hufmen] from a three to six-year sentence for possession of a controlled substance with intent to deliver. The sentence had a minimum release date of December 5, 2008, and a maximum release date of December 5, 2011. [Hufmen] was assigned to reside in the Philadelphia parole district. On January 9, 2011, [Hufmen] was arrested by the Radnor Township Police Department and charged with retail theft, conspiracy to commit retail theft and resisting arrest, a second degree misdemeanor.
>
> After several continuances, a preliminary hearing was held before a magisterial district judge on March 29, 2011. Neither [Hufmen] nor his counsel attended the preliminary hearing. The magisterial district judge held [Hufmen] for court on the charges and transferred the case to the Court of Common Pleas of Delaware County (trial court). On June 14, 2011, [Hufmen],

under the alias "Karrien A. Sweet," entered a guilty plea in the trial court before the common pleas judge to one count of retail theft graded as a summary offense and was sentenced to no further penalty.

On July 22, 2011, [Hufmen] signed a "Waiver of Revocation Hearing and Counsel/Admission Form" (waiver form) waiving his revocation hearing with the Board. [Hufmen] acknowledged in writing on the waiver form that he pled guilty in the trial court to the summary charge of retail theft. … By a revocation decision mailed September 22, 2011, the Board recommitted [Hufmen] as a convicted parole violator to serve six months backtime based on his waiver of the revocation hearing and admission of his guilty plea of the summary offense of retail theft.

[Hufmen] filed a *pro se* administrative appeal in which he claimed that the Board erred in recommitting him as a convicted parole violator. Specifically, he argued that the common pleas judge was acting as a magisterial district judge when she accepted his guilty plea and, therefore, he was not convicted in a court of record. The Board denied his request for administrative relief and affirmed its September 16, 2011 decision….

*Id.* at 861-862 (footnotes omitted).

Hufmen filed an appeal with the Commonwealth Court, contending "that the common pleas judge was sitting as a magisterial district judge when she accepted his guilty plea for retail theft…." *Id.* at 862. Thus, the Commonwealth Court was tasked with deciding "[i]n what capacity a court of common pleas is acting when disposing of a summary conviction…." *Id.* at 863.[2] In assessing this issue, the Court emphasized, *inter alia*, the language

_____

[2] The Court noted that this issue was important because "a summary offense conviction by a magisterial district judge, or a common pleas judge sitting as a magisterial district judge, is not a conviction in a court of record and[, consequently,] the Board is not authorized to recommit a parolee as a convicted parole violator for such a conviction." *Id.*

of Pennsylvania Rule of Criminal Procedure 1002(A), which states that "all criminal proceedings in which a person is accused only of … non-traffic summary offenses … shall proceed as provided in Chapter 4 of the Rules of Criminal Procedure…."[3] *Id.* at 864. The **Hufmen** Court also reasoned:

> Had [Hufmen] initially only been charged with summary retail theft, he would have been tried before a magisterial district judge and, if convicted, would not have been recommitted as a convicted parole violator. Because he was also charged with a misdemeanor, however, the charges were transferred to a common pleas judge. Following the rationale of **Chesson** [**v. Pennsylvania Bd. of Probation and Parole**, 47 A.3d 875, 880 (Pa. Cmwlth 2012) (holding that "a conviction for a summary offense before the Municipal Court of Philadelphia County[, which is normally a 'court of record,'] is the functional equivalent of a conviction before a magisterial district judge"), **once [Hufmen's] misdemeanor charge was dropped and only a summary charge remained, the case proceeded under Pa.R.Crim.P. 1002(A), and Chapter 4 of the Rules of Criminal Procedure applied. Accordingly, when disposing of a summary offense, a common pleas judge is sitting as "the issuing authority,"** *i.e.*, **a magistrate under Pa.R.Crim.P. 103.**

*Id.* at 864 (emphasis added).

While the Commonwealth Court's decisions in **Chesson** and **Hufmen** are not binding upon this Court, we consider them as persuasive authority. **See Commonwealth v. Rodriguez**, 81 A.3d 103, 107 n.7 (Pa. Super. 2013). The rationale expressed by the Commonwealth Court in those cases, as well as the language of Rule 1002(A), convince us that here, Judge

---

[3] Chapter 4 of the Rules of Criminal Procedure governs summary cases, including a defendant's "right to appeal within 30 days for a trial *de novo* in the court of common pleas…." Pa.R.Crim.P. 454(F)(2).

Borkowski was necessarily presiding over the disposition of Appellant's summary offenses as a magisterial district judge, thereby entitling Appellant to a summary appeal from his conviction for harassment. Consequently, we vacate the court's March 21, 2014 order denying Appellant's Motion to Compel, and remand for the court to permit Appellant to file a *nunc pro tunc* summary appeal for a trial *de novo*.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2015