J-S07002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDERICK REDDITT | : | |
| | : | |
| Appellant | : | No. 1660 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000564-2018

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:                           **FILED JULY 31, 2019**

Appellant, Frederick Redditt, appeals from the judgment of sentence entered on August 3, 2018, as made final by the denial of a post-sentence motion on August 15, 2018.  On appeal, Appellant's counsel filed a petition to withdraw as counsel and accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We therefore grant counsel's application to withdraw and affirm the judgment of sentence.

Per the affidavit of probable cause, Appellant, on October 10, 2017, was involved in a hit and run motor vehicle accident.  Police arrived at the scene of the accident after emergency medical services transported Appellant to the

---

* Retired Senior Judge assigned to the Superior Court.

hospital. Officer William Pletcher of the Reading Police Department met with Appellant at the hospital, where he consented to a blood draw. The toxicology report indicated that Appellant had Delta-9 THC and its metabolites in his blood and a blood alcohol content ("BAC") of .014%.

On August 3, 2018, Appellant pled guilty in the Court of Common Pleas of Berks County to driving under the influence of a controlled substance – first offense ("DUI"),[1] and driving with a controlled substance or its metabolites in the blood while operating privilege is suspended or revoked ("DUS").[2] The trial court sentenced Appellant to a term of three days to six months' imprisonment on the DUI charge and a concurrent term of 90 days on the DUS charge, with credit for 134 days of time served.

On August 10, 2018, Appellant filed a post-sentence motion asking the trial court to vacate his sentence and re-sentence him as a court "not-of-record" for the purpose of avoiding a state parole violation under 61 Pa.C.S.A. § 6138(a)(1).[3] The trial court denied the post-sentence motion on

---

[1] 75 Pa.C.S.A. § 3802(d)(2).

[2] 75 Pa.C.S.A. § 1543(b)(1.1)(i).

[3] "A parolee under the jurisdiction of the [parole] board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury **or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record,** may at the discretion of the board be recommitted as a parole violator." 61 Pa.C.S.A. § 6138(a)(1) (emphasis added).

August 15, 2018. On October 2, 2018, the trial court granted Appellant's petition to file a notice of appeal *nunc pro tunc*.[4] Appellant filed a notice of appeal on October 3, 2018. On October 9, 2018, the trial court ordered Appellant to file a concise statement of matters complained of on appeal. In response, on October 18, 2018, Appellant's counsel from the Berks County Office of the Public Defender filed a statement of intent to file an **Anders/McClendon** brief pursuant to Pa.R.A.P. 1925(c)(4). On December 17, 2018, counsel filed an **Anders** brief and a petition to withdraw as counsel. This Court denied counsel's petition to withdraw for failure to comply with our procedural requirements[5] and remanded the case for further proceedings in a memorandum filed April 26, 2019.

On return from remand, counsel furnished the missing notes of testimony to complete the record and, once again, filed an **Anders** brief and

---

[4] Because the trial court denied Appellant's post-sentence motion on August 15, 2018, Appellant had 30 days—until September 14, 2018—to file a notice of appeal; since Appellant failed to do so, his judgment of sentence became final on September 17, 2018. Appellant's plea counsel withdrew on August 29, 2018, and the court appointed the Berks County Office of the Public Defender to represent Appellant in his appeal. On September 26, 2018, counsel filed a petition to file a notice of appeal *nunc pro tunc*.

[5] Counsel failed to order and review the transcripts of the two hearings that took place in this matter, and, as such, we found that she failed to fulfill her obligation for withdrawal. **See Commonwealth v. Redditt**, 1660 MDA 2018 (Pa. Super. 2019) (unpublished memorandum).

a petition to withdraw as counsel. Appellant's counsel raises one issue in her *Anders* brief.

> Whether the trial court erred when it denied Appellant's motion to vacate sentence and be re-sentenced in a court not-of-record so the effects of the new conviction would not result in a state parole violation[?]

Amended *Anders* Brief at 6.

Before reviewing the merits of this appeal, we must determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *See Commonwealth v. Blauser*, 166 A.3d 428, 431 (Pa. Super. 2017) (citation omitted).

> To be permitted to withdraw pursuant to *Anders*, counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. If these requirements are met, the Court may then evaluate the record to determine whether the appeal is frivolous.

*Commonwealth v. McBride*, 957 A.2d 752, 756 (Pa. Super. 2008) (citations omitted). In the *Anders* brief, "counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." *Commonwealth v.*

- 4 -

*Santiago*, 978 A.2d 349, 361 (Pa. 2009).[6] If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Santiago*, 978 A.2d 349, 355 n.5 (Pa. 2009), *quoting* *McClendon*, 434 A.2d at 1187. Counsel substantially complied with these procedural requirements, thus, we review Appellant's claim on the merits.

Appellant contends that it was error for the trial court to deny his post-sentence motion to vacate his sentence and be re-sentenced in a court not-of-record. Appellant pled guilty to a summary offense and an ungraded misdemeanor in the Court of Common Pleas of Berks County. To understand Appellant's argument, it is important to understand the following.

In Pennsylvania, courts of common pleas are generally courts of record, whereas district magistrates are courts not of record. *See* 42 Pa.C.S.A. § 321; 42 Pa.C.S.A. § 1101(a); *Hufmen v. Board of Probation and Parole*, 58 A.3d 860, 863 (Pa. Cmwlth. 2012). Pursuant to 61 Pa.C.S.A. § 6138(a)(1),

---

[6] Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005), counsel is also required to attach to the petition to withdraw a copy of the letter sent to the client advising him of his rights. Counsel's newly-filed petition to withdraw states that she forwarded to Appellant a copy of the *Anders* brief and petition to withdraw, and sent a letter explaining his rights. Counsel, however, did not attach said letter to her petition to withdraw. Counsel attached such a letter to her original petition to withdraw. Counsel's newly-filed *Anders* brief is not substantively different from the original; therefore, we decline to remand the case again based on this oversight.

the parole board has the authority to recommit a parolee who, while on parole, commits a crime and pleads guilty in a court of record.

District magistrates have jurisdiction over, *inter alia*, summary offenses and certain cases under 75 Pa. C.S.A. § 3802. **See** 42 Pa. C.S.A. § 1515(a)(1), (a)(5). Specifically, a magistrate can dispose of a § 3802 case when certain criteria are met: 1) it is a first offense; 2) the offense did not result in personal injury (other than to the defendant); 3) the defendant pleads guilty; 4) the offense did not result in damage to another person's property in excess of $500.00; and 5) the defendant is not a juvenile. Appellant contends that his DUI conviction meets those criteria. It appears that is correct and a district magistrate could have disposed of both of the charges to which Appellant pled guilty. Appellant argues that because the charges could have been disposed of by a magistrate, the court of common pleas in which he pled guilty should have been considered a court not-of-record, therefore relieving the parole board of the authority to recommit Appellant. Appellant's argument may be in line with the Commonwealth Court's decision in **Hufmen**. In that case, the Commonwealth Court determined that, where a defendant is convicted solely of a summary offense in a court of common pleas, it "is the functional equivalent of a conviction before a magisterial district judge," and not a sufficient basis for the parole board to recommit a parolee. **Id**. at 865.

However, based on the record before us, it does not appear that Appellant has been recommitted by the parole board. The parole board has discretion in deciding whether or not to recommit a parolee under 61 Pa.C.S.A. § 6138(a). Therefore, as of yet it is unclear whether Appellant will suffer any consequences because he entered his guilty plea in a court of common pleas. Appellant has not, in any manner, explained how the trial court erred in denying his post-sentence motion. Appellant's post-sentence motion did not cite any authority by which the trial court could declare itself a court not-of-record and we have found none. Appellant's allegation of error is, at best, premature. Should Appellant be recommitted by the parole board, his proper method of redress would be an administrative appeal from the parole board's determination. Such an appeal would properly proceed before the Commonwealth Court, not this Court. *See* 42 Pa.C.S.A. § 742, 763. Appellant is not entitled to relief on the issue he raises herein. Moreover, after a thorough examination of the record, this Court has not discovered any non-frivolous issues that entitle Appellant to relief at this time.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2019