IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven K. Maxwell,            :
           Petitioner            :
           :
      v.            :   No. 16 C.D. 2022
           :   Submitted: September 30, 2022
Pennsylvania Parole Board,      :
           Respondent      :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT           FILED: November 22, 2022

Steven K. Maxwell (Maxwell) petitions for review of an adjudication of the Pennsylvania Parole Board (Parole Board) denying his request for administrative relief from its decision to recommit him as a convicted parole violator. On appeal, Maxwell argues that his recommitment as a convicted parole violator under Section 6138(a)(1.1) of the Prisons and Parole Code (Parole Code)[1] violated the constitutional prohibition against *ex post facto* laws. He argues that Section 6138(a)(1.1), which authorizes recommitment for summary offenses, became effective after he committed his summary offenses and, thus, cannot be applied to him. Discerning no merit to this argument, we affirm the Parole Board's adjudication.

The relevant facts are not in dispute. Maxwell was convicted of aggravated assault with a deadly weapon and sentenced, with a maximum sentence

---

[1] Act of August 11, 2009, P.L. 147, *as amended*, added by the Act of December 18, 2019, P.L. 776, No. 115 (Act 115), 61 Pa. C.S. §6138(a)(1.1).

date of July 16, 2024. On January 27, 2021, Maxwell was paroled to a community corrections center in Harrisburg, Pennsylvania. Subsequently, he was successfully discharged from the community corrections center to an approved home plan.

On April 12, 2021, the Parole Board received notification from the Harrisburg Police Department that it issued citations to Maxwell for incidents of public drunkenness that occurred on March 26, 2021, and March 27, 2021. The Parole Board then received notification from the Lower Swatara Township Police Department that it had filed criminal charges against Maxwell for flight to avoid apprehension, possession of a controlled substance, possession of drug paraphernalia, and public drunkenness that occurred on April 17, 2021. On April 22, 2021, the Parole Board declared Maxwell delinquent effective April 15, 2021, and a warrant was issued for his arrest and detention.

On April 23, 2021, Amtrak Police arrested Maxwell on the Parole Board's warrant and issued him a citation for public drunkenness. The Parole Board detained Maxwell pending disposition of the criminal charges. Certified Record at 13 (C.R. __). On April 27, 2021, Maxwell pled guilty to public drunkenness, a summary offense, in a magisterial district court. C.R. 23-26. As a result of his guilty plea, the Parole Board issued a Notice of Charges and Hearing to Maxwell. Maxwell waived his right to a parole revocation hearing, admitting that he had pled guilty to public drunkenness.

On July 8, 2021, Maxwell pled guilty to public drunkenness, intentional possession of controlled substances by a person not registered, and use/possession of drug paraphernalia for the offense that occurred on April 17, 2021. C.R. 50-53. The Parole Board then issued another Notice of Charges and Hearing, charging

2

Maxwell with a new criminal conviction for public drunkenness, a summary offense. Again, Maxwell waived his right to a revocation hearing, admitting the conviction.

On July 30, 2021, the Parole Board issued a decision recommitting Maxwell as a convicted parole violator to serve six months' backtime for his two summary convictions. His maximum sentence date was recalculated as October 10, 2024.

On August 20, 2021, Maxwell filed an administrative appeal of his recommitment as a convicted parole violator. Maxwell stated that the Parole Board erred because the two guilty pleas were for summary offenses and entered in a magisterial district court and not a court of record.

By decision mailed December 17, 2021, the Parole Board denied Maxwell's request for administrative relief. It explained, in part, that Maxwell waived his right to a revocation hearing and counsel and admitted the convictions listed on the notices. On this basis, the Parole Board revoked his parole. Additionally, the Parole Board determined that its decision was supported by substantial evidence, did not constitute an error of law, and did not violate Maxwell's constitutional rights. Maxwell appealed.

**Appeal**

On appeal,[2] Maxwell argues that the Parole Board's recommitment of him as a convicted parole violator violated the *Ex Post Facto* Clause of the United

---

[2] This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

3

States Constitution.[3]  He contends that the amendment to Section 6138(a)(1.1), on which the Parole Board based its decision, was not in effect when he committed the offenses.

The Parole Board responds that Maxwell waived his *ex post facto* claim because he did not raise it in his request for administrative relief.  In the alternative, the Parole Board counters that Maxwell's *ex post facto* claim fails because it was based on the faulty premise that Section 6138(a)(1.1) was not enacted until after he committed his new crimes.

**Analysis**

We begin with the Parole Board's waiver argument.  It asserts that because Maxwell did not raise his *ex post facto* claim in his administrative appeal, the issue is waived.

Section 703(a) of the Administrative Agency Law states that a party "may not raise upon appeal any other question not raised before the agency."  2 Pa. C.S. §703(a).  Similarly, Pennsylvania Rule of Appellate Procedure 1551(a) states that "[o]nly questions raised before the government unit shall be heard or considered[.]"  PA. R.A.P. 1551(a).  Accordingly, an issue not raised before the Parole Board will not be considered by this Court on appeal.  *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

On his administrative remedies form, Maxwell checked the box indicating that his reasons for appeal included a constitutional claim and advised the

---

[3] Article I, Section 10 of the United States Constitution provides, in pertinent part: "No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."  U.S. CONST. art. I, §10.

Parole Board to "see attached motion." C.R. 76. The attached motion, styled as a "Motion and Request for Reconsideration of Parole Denial," stated as follows:

> Mr. Maxwell summary offense *conviction* by a *magisterial* district judge, or a common pleas judge sitting as a *magisterial* district judge, is not a *conviction* in a court of record "that is where the parole board made [its] mistake at[. T]he Pennsylvania Board of Probation and Parole is not authorized to recommit a parolee as a convicted parole violator for such *conviction*.

C.R. 77-78 (emphasis in original).

This is a close case, but we conclude that the above-described appeal form fairly encompasses Maxwell's *ex post facto* argument. First, he checked the box on the administrative remedies form that he was raising a constitutional claim. Second, although the appeal form did not specifically identify Section 6138(a)(1.1) of the Parole Code, it did recite that the law did not permit a recommitment for summary convictions. This statement together with the check mark was sufficient to preserve the *ex post facto* argument.

On the merits, Maxwell argues that to apply Section 6138(a)(1.1) of the Parole Code to him is a violation of the *Ex Post Facto* Clause of the United States Constitution. Maxwell explains Section 6138(a)(1.1) was enacted after he committed his offenses, and it is penal by virtue of the fact that it increased the punishment for recommitment and possible loss of credit for street time.

An *ex post facto* law is one which is "adopted after the complaining party committed the criminal acts and 'inflicts a greater punishment than the law annexed to the crime, when committed.'" *Coady v. Vaughn*, 770 A.2d 287, 289 n.2 (Pa. 2001) (quoting *California Department of Corrections v. Morales*, 514 U.S. 499, 504–06 (1995)). As our Supreme Court has explained, the *Ex Post Facto* Clause

5

forbids the Congress and the States to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. The ban also restricts governmental power by restraining arbitrary and potentially vindictive legislation.

*Commonwealth v. Rose*, 127 A.3d 794, 798 (Pa. 2015) (quoting *Weaver v. Graham*, 450 U.S. 24, 28-29 (1981)).  In order for a law to be deemed an *ex post facto* law, "'two critical elements' must be met: 'it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'"  *Rose*, 127 A.3d at 799 (quotation omitted).

Section 6138(a)(1) of the Parole Code governs the recommitment of parolees who have committed new criminal offenses while on parole, and it states:

The board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, *commits a crime* punishable by imprisonment, *for which the offender is convicted* or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere at any time thereafter *in a court of record*.

61 Pa. C.S. §6138(a)(1) (emphasis added).  Section 6138(a)(1) has been interpreted as not authorizing the recommitment of a parolee as a convicted parole violator based on a summary offense. *See Hufmen v. Board of Probation and Parole*, 58 A.3d 860 (Pa. Cmwlth. 2012).

However, on December 18, 2019, the General Assembly amended Section 6138(a), by adding a new subsection (1.1).  It authorized the Parole Board to recommit parolees who plead guilty to certain summary offenses before a magisterial district judge.  Section 6138(a)(1.1) states:

6

In addition to paragraph (1), a parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, *commits a crime punishable by imprisonment for which the parolee is convicted* or found guilty by a judge or jury *or to which the parolee pleads guilty or nolo contendere* or of any misdemeanor of the third degree or *of any of the following offenses where graded as a summary offense*, *may at the discretion of the board be recommitted as a parole violator*:

(i) Possession of a firearm in a court facility under 18 Pa. C.S. §913(b)(3) (relating to possession of firearm or other dangerous weapon in court facility).

(ii) Harassment under 18 Pa. C.S. §2709 (relating to harassment).

(iii) Retail theft under 18 Pa. C.S. §3929 (relating to retail theft).

(iv) Disorderly conduct under 18 Pa. C.S. §5503 (relating to disorderly conduct).

(v) *Public drunkenness under 18 Pa. C.S. §5505* (relating to public drunkenness and similar misconduct).

(vi) Cruelty to animals under 18 Pa. C.S. §5533 (relating to cruelty to animal).

(vii) Aiding or abetting a minor to commit truancy under 18 Pa. C.S. §6301 (relating to corruption of minors).

(viii) Selling or furnishing nonalcoholic beverages to minors under 18 Pa. C.S. §6310.7 (relating to selling or furnishing nonalcoholic beverages to persons under 21 years of age).

61 Pa. C.S. §6138(a)(1.1) (emphasis added).  Section 6138(a)(1.1) became effective in 120 days, or on April 17, 2020.

Maxwell's offenses occurred in April of 2021, which was after the effective date of Section 6138(a)(1.1).  Maxwell committed his summary offenses for public drunkenness almost a year after Section 6138(a)(1.1) became effective.

7

Indeed, Section 6138(a)(1.1) was in effect when Maxwell was paroled. The application of Section 6138(a)(1.1) to Maxwell does not violate the *Ex Post Facto* Clause.

However, Maxwell argues that the Parole Board applied amendments to Section 6138(a) of the Parole Code made by the Act of June 30, 2021, P.L. 260, No. 59 (Act 59). That later amendment revised Section 6138(a) and became effective in 2021, after Maxwell committed his summary offenses.

Act 59 amended Section 6138(a) as follows:

(a) Convicted violators.--

> (1) [A parolee under the jurisdiction of the board released from a correctional facility who,] The board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the [parolee] offender is convicted or found guilty by a judge or jury or to which the [parolee] offender pleads guilty or nolo contendere at any time thereafter in a court of record[, may at the discretion of the board be recommitted as a parole violator].

> (1.1) In addition to paragraph (1), a parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment for which the parolee is convicted or found guilty by a judge or to which the parolee pleads guilty or nolo contendere or of any misdemeanor of the third degree or any of the following offenses where graded as a summary offenses, may at the discretion of the board by recommitted as a parole violator:

> (i) Possession of a firearm in a court facility under 18 Pa. C.S. §913(b)(3) (relating to possession of firearm or other dangerous weapon in court facility).

> (ii) Harassment under 18 Pa. C.S. §2709 (relating to harassment).

8

(iii) Retail theft under 18 Pa. C.S. §3929 (relating to retail theft).

(iv) Disorderly conduct under 18 Pa. C.S. §5503 (relating to disorderly conduct).

(v) Public drunkenness under 18 Pa. C.S. §5505 (relating to public drunkenness and similar misconduct).

(vi) Cruelty to animals under 18 Pa. C.S. §5533 (relating to cruelty to animal).

(vii) Aiding or abetting a minor to commit truancy under 18 Pa. C.S. §6301 (relating to corruption of minors).

(viii) Selling or furnishing nonalcoholic beverages to minors under 18 Pa. C.S. §6310.7 (relating to selling or furnishing nonalcoholic beverages to persons under 21 years of age).

*See* Act 59, Section 21 (highlighting and underscoring in original); https://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txtType=HTM&sessYr=2021&sessInd=0&billBody=S&billTyp=B&billNbr=0411&pn=0967 (last visited November 22, 2022). In Pennsylvania, brackets are used to identify language to be abrogated and underscoring identifies all new language. 101 Pa. Code §15.222.[4] Act 59 amended Section 6138(a), but it did not change Section 6138(a)(1.1). "Portions of the statute which were not altered by the amendment shall be construed as effective from the time of their original enactment[.]" 1 Pa. C.S. §1953. As can be seen, Act 59 made no change at all to subsection (1.1) of Section

---

[4] Section 15.222 states:

> Language intended to be taken out of an existing provision is enclosed in brackets and new language to be added is underscored . . . . While the consequences of failure to underscore may not be serious, it is very important to the proper understanding of the bill. If language is removed and added at the same place, the language to be removed always come first, followed by the language added.

101 Pa. Code §15.222.

9

6138(a), and it made only stylistic changes to subsection (1) that were not substantive.

Act 59 also amended Section 102 of the Parole Code, adding the definition of "offender."[5] This change does not compel a different result because Section 6138(a)(1.1) uses the term "parolee," not "offender."

In sum, Maxwell pled guilty to public drunkenness, a summary offense, before a magisterial district judge. Section 6138(a)(1.1) of the Parole Code authorized the Parole Board to revoke his parole. The 2019 amendment giving the Parole Board this authority was not applied retroactively to Maxwell because it was enacted before Maxwell was paroled and committed his offenses. The 2021 amendment, Act 59, effected revisions that had no impact upon Section 6138 (a)(1.1) of the Parole Code.

For these reasons, we affirm the adjudication of the Parole Board.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[5] "Offender" is:

> An individual that has been convicted or found guilty of a criminal offense by a judge or jury or an individual that pleads guilty or nolo contendere to a criminal offense at any time in a court of record or before a magisterial district justice under section 6138(a)(1.1) (relating to violation of terms of parole).

Act 59, Section 7 (underscoring in original); https://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txtType=HTM&sessYr=2021&sessInd=0&billBody=S&billTyp=B&billNbr=0411&pn=0967 (last visited November 22, 2022).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven K. Maxwell,                :
           Petitioner        :
                                 :
      v.                     : No. 16 C.D. 2022
                                 :
Pennsylvania Parole Board,     :
           Respondent    :

# **O R D E R**

AND NOW, this 22nd day of November, 2022, the adjudication of the Pennsylvania Parole Board, mailed December 17, 2021, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita