NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2645
_____

UNITED STATES OF AMERICA

v.

JASON LOFTON,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-06-cr-00304-001)
District Judge:  Honorable William H. Walls
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 14, 2010

Before:  RENDELL, FISHER and GARTH, *Circuit Judges*.

(Filed: September 15, 2010)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

       Jason Lofton appeals his conviction for possession of a firearm by a person

previously convicted of a felony.  We will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In January 2006, police officers in Jersey City, New Jersey, observed Lofton engaged in what they perceived to be suspicious activity, chased him after he noticed that he was under observation and ran away, and apprehended him shortly thereafter. While in flight, Lofton had discarded what turned out to be a loaded shotgun with a sawed-off barrel. Lofton was transported to a police station, where he signed a *Miranda* waiver and admitted to having possessed the shotgun. In September 2007, Lofton was charged in a superseding indictment with possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). In November 2007, a jury found Lofton guilty of both offenses. The District Court thereafter sentenced him to concurrent prison terms of 120 months for the § 922(g)(1) conviction and 48 months for the § 5861(d) conviction. Lofton has timely appealed the District Court's judgment but challenges only his § 922(g)(1) conviction.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

## II.

To prove that Lofton was guilty of violating § 922(g)(1), the government had to establish the following elements: "(1) that [Lofton] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that [Lofton] knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce." *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). Lofton does not question the jury's verdict with respect to the second two elements. Instead, his assignment of error pertains only to the first element. Specifically, he points to the government's introduction into evidence at trial of not just one but three prior felony convictions in an effort to meet its burden of proving that he "had previously been convicted of a crime punishable by imprisonment for a term exceeding one year."[2] In Lofton's view, the District Court should have used its authority under Federal Rule of Evidence 403 to restrict the government's proffer to one prior conviction to prove its § 922(g)(1) charge.[3]

Lofton concedes that he did not object to the government's proffer at trial and that, as a consequence, our review is only for plain error. *See*, *e.g.*, *United States v. Leo*, 941 F.2d 181, 193 (3d Cir. 1991). Accordingly, to prevail on appeal Lofton must show that:

---

[2]The government asserts that it asked Lofton to stipulate to the existence of a prior felony conviction but that Lofton refused.

[3]Rule 403 authorizes a district court to exclude evidence whose probative value is outweighed by, among other things, its potential to unfairly prejudice the defendant. Fed. R. Evid. 403; *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010).

(1) the District Court's failure to *sua sponte* restrict the government's proffer constituted error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Brown*, 595 F.3d 498, 519 (3d Cir. 2010). Lofton carries the burden of making this showing. *United States v. Barbosa*, 271 F.3d 438, 454 (3d Cir. 2001). If we determine that he has done so, we may in our discretion grant him relief if we find that the error he complains of "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Brown*, 595 F.3d at 519-20 (quotation marks, other alteration and citation omitted).

Lofton spends the lion's share of his energy focusing on the District Court's failure to conduct an on-the-record balancing test under Rule 403, the result of which, he contends, should have been the exclusion of two of his prior convictions. As noted, Lofton must demonstrate to us that the non-exclusion of two of his prior convictions constituted plain error. "An error is plain if it is 'clear' or 'obvious' under current law." *United States v. Tann*, 577 F.3d 533, 537 (3d Cir. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Lofton has not referred us to a single relevant legal authority definitively holding that the government's introduction of more than one prior conviction to prove the first element of a § 922(g)(1) charge constitutes error *per se*, and we know of no such authority.[4] As such, he has fallen far short of his burden of showing that the

---

[4]Lofton places great weight on a non-precedential opinion of this Court where the panel agreed with the defendant that, as a general matter, prosecutors need not "pile on" prior convictions to meet their burden of proof. While Lofton is not precluded from

4

District Court committed error, much less error that is plain, in admitting evidence of his three prior convictions. *See United States v. Harris*, 471 F.3d 507, 512 (3d Cir. 2006) (no plain error in the absence of a decision from either the Supreme Court or this Court on the precise question presented); *United States v. Clark*, 237 F.3d 293, 298-99 (3d Cir. 2001) (no plain error where the defendant could point to little case law decisively supporting his position); *cf. United States v. Vitillo*, 490 F.3d 314, 325 (3d Cir. 2007) (finding plain error where, at the time of trial, this Court as well as other circuits had squarely decided the issue in favor of the defendant).

Even if we found plain error on this record, we would perceive no basis for upsetting Lofton's conviction. First, the District Court instructed the jurors on the inferences they could permissibly draw from his three prior convictions, explaining to them that those convictions could not be used to find Lofton guilty of the offenses charged in this case. We ordinarily presume that jurors understand and follow instructions, *see United States v. Liburd*, 607 F.3d 339, 344 (3d Cir. 2010), and we see no

---

citing that case to us, *see* Fed. R. App. P. 32.1(a), we, of course, are not bound by it, *see* Third Circuit Internal Operating Procedure 5.7; *Berne Corp. v. Gov't of the Virgin Islands*, 570 F.3d 130, 136 n.11 (3d Cir. 2009). Furthermore, even if that case were mandatory authority in this circuit, it would not carry the day for Lofton, as it comes nowhere near establishing a rule that the introduction of more than one prior felony conviction is necessarily improper. For similar reasons, Lofton's reliance on *United States v. Weiland*, 420 F.3d 1062 (9th Cir. 2005), and *United States v. Breitkreutz*, 8 F.3d 688 (9th Cir. 1993), *abrogated on other grounds by Old Chief v. United States*, 519 U.S. 172 (1997), does him little good, as neither of those cases was decided on plain-error review, both were resolved based on the precise factual scenarios presented, and neither suggests that the *per se* rule Lofton urges in fact exists.

reason to abandon that presumption here. And second, the evidence of Lofton's guilt was substantial, consisting of the prior convictions themselves, testimony from police officers about Lofton's having discarded an object while fleeing from the officers, and Lofton's own admission that that object was in fact the firearm he was charged with possessing. *See United States v. Irizarry*, 341 F.3d 273, 298-99 (3d Cir. 2003) (declining to reverse on plain-error grounds "because of the overwhelming evidence of [the defendant's] guilt").

Under these circumstances, we find it highly unlikely that the introduction of Lofton's three prior convictions "affected the outcome of the . . . proceedings." *Olano*, 507 U.S. at 734 (citations omitted). We would therefore decline to exercise our discretion in Lofton's favor even assuming the existence of plain error. *See United States v. Gordon*, 290 F.3d 539, 545 (3d Cir. 2002) (declining to exercise discretion on plain-error review because the error "did not prejudice the outcome nor did the error seriously affect the fairness, integrity, or public reputation of the judicial system" (footnote omitted)); *cf. United States v. Ozcelik*, 527 F.3d 88, 96 (3d Cir. 2008) ("While the Court of Appeals has the authority to order correction when [the plain-error standard is] met, *it is not required to do so*." (emphasis added and quotation marks and citation omitted)).

## III.

For the foregoing reasons, we will affirm the District Court's judgment.