Concurring opinion filed by Circuit Judge RENDELL.
OPINION OF THE COURT
GARTH, Circuit Judge.
On December 1, 2005, Waverly Woods Associates (“Waverly Woods”) entered into a construction contract with defendant Rhodes Development Group (“Rhodes”). Rhodes agreed to serve as the general contractor to build a number of townhouse condominiums on Waverly Woods’ land. The construction contract included a clause entitled “Waivers of Subrogation,” which provided in relevant part that:
The Owner [Waverly Woods] and Contractor [Rhodes] waive all rights against ... each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other ... for damages caused by fire or other perils to the extent covered by property insurance applicable to the Work....
After the construction contract was executed, Rhodes subcontracted with a number of other entities, including defendant Adams Drywall, who agreed to install the condominiums’ drywall. Adams Drywall entered into an oral subcontract with defendant Pedro Quintero (“Quintero”) to perform the labor for the drywall installation.
On May 24, 2007, Waverly Woods created a condominium association called “Park View at Waverly” (“Park View”), and transferred the condominiums and land to Park View. Park View thereafter obtained an insurance policy issued by the plaintiff, Community Association Underwriters of America (“CAUA”), to cover the condominium units.
On March 4, 2008, a fire at Park View damaged several condominiums. Park View submitted a claim for damages to CAUA, which paid the claim. CAUA subsequently sought to recover the insurance payments from the parties it claimed were responsible for the fire. CAUA filed a complaint asserting claims for both negligence and breach of contract against Rhodes, Adams Drywall, and Quintero. In its complaint, CAUA alleged that the fire was caused by the negligent placement and handling of propane heaters used during the installation of the drywall. CAUA *549 also claimed that this negligence “breached the express and implied terms of the con-trades]” between Waverly Woods and Rhodes, as well as between Rhodes and the subcontractors.
On March 25, 2011, CAUA sought to amend its complaint to remove the breach of contract claims and deleted from the Amended Complaint all allegations that Park View was a third-party beneficiary to the contracts. On April 13, 2011, the District Court granted the motion to amend. Thereafter, CAUA’s complaint alleged one cause of action against Rhodes for negligence and one cause of action against Adams Drywall and Quintero for negligence. In their answers, the defendants crossclaimed against one another.
On April 27, 2011, following CAUA’s amendment of its complaint, the defendants filed amended motions for summary judgment based upon the waiver of subro-gation, arguing that Park View was an intended third-party beneficiary of the construction contract. The District Court ultimately granted summary judgment, concluding that Park View and CAUA were intended third party beneficiaries of the contract, and were therefore bound by the waiver of subrogation clause. CAUA appealed. No mention appeared in the District Court’s opinion as to the negligence counts in the Amended Complaint.
I.
The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and this Court has jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court’s grant of summary judgment, viewing all evidence in favor of the non-moving party and resolving all doubts in that party’s favor. S.E.C. v. Hughes Capital Corp., 124 F.3d 449, 452 (3d Cir.1997). Summary judgment should not be granted if the non-moving party produces evidence that “could be the basis for a jury finding in that party’s favor.” Kline v. First Western Gov’t Sec., 24 F.3d 480, 485 (3d Cir.1994). Similarly, summary judgment should not be granted unless “legal theory or doctrine supports the movant’s position that judgment should be entered.” 10 A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2725.
II.
On appeal, the parties dedicated the whole of their briefs to the applicability of the waiver of subrogation clause — CAUA argues that it is not an intended third party beneficiary,[1] and thus is not subject to the waiver clause. Rhodes, Adams Drywall, and Quintero argue the reverse.
It is established law in this Circuit that “a' third party beneficiary will only be bound by the terms of the underlying contract where the claims asserted by that beneficiary arise from its third party beneficiary status.” E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 197 (3d Cir.2001). As a consequence, the waiver of subrogation clause only applies to CAUA (a non-party to the contract) to the extent that it asserts claims arising under that contract.
Our review of CAUA’s Amended Complaint reveals that it is no longer making any contract claims — to the contrary, both counts alleged in its Amended Complaint are styled as counts of negligence, and both counts sound exclusively in the tort law of negligence.[2] We are therefore compelled to conclude that CAUA’s status as *550 an intended third party beneficiary of the original contract is not relevant to the disposition of the present matter. The waiver of subrogation did not waive CAUA’s claims of negligence, and it is only claims of negligence which CAUA has alleged.
III.
In disposing of this matter on the basis of the waiver of subrogation, the District Court declined to consider the defendants’ motions for summary judgment based on spoliation of evidence or a deficient expert report,[3] both of which pertain to negligence causes of action which have no relevance to the claims of contract argued by the parties.
Inasmuch as it was error to grant summary judgment on the basis of the waiver of subrogation, the District Court must now consider those motions before proceeding to the merits of CAUA’s claims of negligence, and, if necessary, the defendants’ crossclaims.
Accordingly, we -will vacate the District Court’s order of July 29, 2011 and remand for further proceedings consistent with this opinion.[4]

. In its original complaint, CAUA asserted that it was an intended third party beneficiary to the contract between Rhodes and Waverly Woods.

. Count 1 seeks recovery from Rhodes for monies which CAUA paid to Waverly; Count 2 seeks recovery from Adams Drywall and Quintero for the same monies.

. In footnote 2 of its opinion, the District Court stated that ‘‘[t]he parties submitted numerous additional facts in connection with Defendants’ motions for summary judgment based on spoliation and a deficient expert report, including a time line detailing the alleged events on the days following the March 4, 2008 fire. Many of these facts, however, are not relevant to Defendants’ waiver of subrogation argument. For clarity of the record, the court will only recite facts related to Defendants’ waiver argument.” See CAUA v. Rhodes, et.al., No. 1:09-CV-0257, (M.D.Pa. July 29, 2011), n. 2.

. Federal Rule of Appellate Procedure 30, "Appendix to the Briefs” requires that "... the relevant portions of the pleadings ...” must be included in the appendix. Neither the original complaint nor the Amended Complaint, which is essential to the resolution of this appeal, was included in the appendix. It is unacceptable that counsel is not familiar with and did not comply with the basic rules of appellate procedure.