2022 PA Super 106

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY COOPER | : | |
| | : | |
| Appellant | : | No. 1189 EDA 2021 |

Appeal from the Order Entered May 11, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004008-2019

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

OPINION BY DUBOW, J.: **FILED JUNE 8, 2022**

Appellant, Jeffrey Cooper, appeals from the order that finds that he violated parole and anticipatorily violated probation. After careful review, we affirm the trial court's finding that Appellant violated parole, but reverse its finding that Appellant anticipatorily violated probation.

The following background is relevant to this appeal. On December 5, 2019, Appellant pled guilty to Retail Theft in the Montgomery County Court of Common Pleas, and the court sentenced him to a term of 9 to 23 months' incarceration and a consecutive term of 2 years' probation. On January 3, 2020, the court granted Appellant's Application for Parole. Appellant's sentence for incarceration/parole would have expired on November 4, 2021. Appellant's probationary sentence would have expired on November 4, 2023.

On November 3, 2020, and January 24, 2021, while on parole and before Appellant's probationary sentence began, Appellant engaged in criminal conduct that resulted in his arrest in Allegheny County. He was

convicted of the summary charge of Harassment and the Commonwealth dismissed other charges.

On May 11, 2021, the trial court in Montgomery County held a consolidated violation hearing regarding his conviction of the summary charge of Harassment in accordance with **Gagnon II**[1] ("**Gagnon II** Hearing"). At the hearing, Appellant stipulated that his new criminal conviction for Harassment was a violation of both parole and probation. N.T. **Gagnon II** Hearing, 5/11/21, at 6.

Appellant's counsel colloquied Appellant on the record about the stipulation and Appellant acknowledged that he had reviewed the written stipulation colloquy with counsel, that he had answered the questions truthfully, and that if counsel asked the questions again on the record, his answers would be the same. **Id**. The court admitted the written stipulation colloquy into evidence as Defense Exhibit 1.

At the conclusion of the oral colloquy, the court found that Appellant knowingly, intelligently, and voluntarily stipulated that the Harassment offense was a violation of the conditions of his parole and probation and the trial court revoked both. The court then imposed a sentence of incarceration of 16 months, 12 days, the time remaining on his original sentence of incarceration, followed by two years' probation. **See** Order, 5/11/2021, at 1-2.

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

On June 10, 2021, Appellant filed a Notice of Appeal. He filed a court-ordered Pa.R.A.P. 1925(b) Statement and the court filed a responsive Rule 1925(a) Opinion.[2]

Appellant presents the following questions for our review:[3]

1. Was the lower court's anticipatory revocation of defendant's probation an illegal sentence since defendant was still on parole at the time of his alleged violation and had not yet begun serving his probationary term?

2. Was the sentence imposed by the Court on May 11, 2021 an illegal sentence since the Commonwealth failed to present evidence of the actual terms and conditions of defendant's probation and parole as required by *Com v. Koger*, [255 A.3d 1285 (Pa. Super. 2021), *appeal granted* 270 WAL 2021 (Pa. filed Apr. 5, 2022)]; failed to establish a violation of a specific condition of probation as required by *Koger*; and failed to establish a new criminal conviction for defendant?

3. Was the evidence at the May 11, 2021 *Gagnon II* hearing insufficient to establish a *Gagnon* violation since the Commonwealth failed to present evidence of the actual terms and conditions of defendant's probation and parole as required by *Com v. Koger*, [255 A.3d 1285]; failed to establish a violation of a specific condition of probation as required by *Koger*; and failed to establish a new criminal conviction for defendant?

Appellant's Br. at 3; Supplemental Br. at 3.

_____

[2] Appellant filed his court-ordered Pa.R.A.P. 1925(b) statement late; however, because the trial court addressed the statement, we need not find waiver and may address the merits of the preserved issues. *Commonwealth v. Brown*, 145 A.3d 184, 186 (Pa. Super. 2016).

[3] After Appellant filed his initial brief, this Court decided *Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021) (*en banc*). We, thereafter, granted Appellant's request to file a supplemental brief to raise the issue of anticipatory revocation of probation. We have renumbered each of Appellant's issues for ease of disposition.

**Legal Analysis**

Our review of Appellant's new sentence imposed after the ***Gagnon II*** hearing is "limited to determining the validity of the . . . revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial proceeding." ***Commonwealth v. Giliam***, 233 A.3d 863, 866 (Pa. Super 2020) (citation omitted). We may only vacate a sentence for an error of law or an abuse of discretion. ***Id.*** at 866-67.

Generally, "[i]n order to support a revocation of parole, the Commonwealth need only show, by a preponderance of the evidence, that a parolee violated his parole." ***Commonwealth v. Mitchell***, 632 A.2d 934, 936 (Pa. Super. 1993). A court may find a defendant in violation "only if the defendant has violated one of the specific conditions of probation or parole included in the probation order **or has committed a new crime**." ***Koger***, 255 A.3d at 1290 (quoting ***Commonwealth v. Foster***, 214 A.3d 1240, 1253 (Pa. 2019), brackets omitted, emphasis added).

An order revoking parole "does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. Moreover, such a recommittal is just that – a recommittal and not a sentence." ***Commonwealth v. Simmons***, 262 A.3d 512, 528 (Pa. Super. 2021) (*en banc*) (quoting ***Mitchell***, 632 A.2d at 936). ***See also Commonwealth v. Holmes***, 933 A.2d 57, 66 (Pa. 2007) (reiterating the "longstanding precedent"

that parole violators can only be sentenced to the remainder of their original term).

**Anticipatory Revocation of Probation**

Appellant argues that in light of the recent Superior Court decision in ***Simmons,*** the trial court imposed an illegal sentence for the probation violation because at the time Appellant engaged in the criminal conduct that resulted in his summary Harassment conviction, Appellant was not serving his probationary sentence and the trial court lacked the authority to find that Appellant anticipatorily violated probation. Appellant's Supplemental Br. at 9-10. We agree.

A claim of anticipatory revocation of probation and the imposition of a new sentence raises a non-waivable challenge to the legality of the sentence. ***Simmons***, 262 A.3d at 515. Thus, our standard of review is *de novo* and our scope is plenary. ***Commonwealth v. Cardwell***, 105 A.3d 748, 750 (Pa. Super. 2014).

In ***Simmons***, this Court overruled the long-standing precedent that allowed courts to anticipatorily revoke probation based on crimes committed while a defendant was on parole. The Court in ***Simmons*** held that where a court has imposed a sentence of probation to be served consecutive to a term of incarceration and a defendant commits a crime while on parole, the trial court may only find a violation of parole. 262 A.3d at 523-27. The court cannot find an anticipatory violation of probation. ***Id.***

In this case, the Superior Court had not issued its decision in **Simmons** when the trial court found that Appellant had violated both his parole and probation and thus, the trial court applied the law as it existed at the time. **See** Order, 5/11/21, at 1-2. Since the law has changed, however, we must apply the precedent set forth in **Simmons.** Since the sentencing court imposed the sentence of probation consecutive to the sentence of incarceration and Appellant was on parole when he engaged in the conduct that led to his Harassment conviction, the trial court was without the authority to find that Appellant anticipatorily violated probation. Therefore, we reverse the portion of the Order that finds Appellant in violation of probation.

## Sufficiency of the Evidence

Appellant argues in these issues that the evidence supporting the violation finding was insufficient because the Commonwealth "failed to present any evidence as to the terms and conditions of [Appellant's] probation and parole." Appellant's Br. at 16. Appellant contends that, despite his stipulation to the violation, "the proceedings were invalid since the Commonwealth failed to establish the specific conditions of probation [that he violated] – a precondition to any violation under **Foster** and **Koger**[.]" Appellant's Br. at 18-19.[4]

_____

[4] Having established above that the court's revocation of probation was improper, we address Appellant's argument only to the extent that he challenges the sufficiency of the evidence to support the trial court's revocation of his parole.

Appellant entered a stipulation in open court admitting that he violated his parole by committing the criminal offense of Harassment. In doing so, Appellant specifically acknowledged that the Commonwealth was relieved of its evidentiary burden. *See* N.T. *Gagnon II* Hearing at 6. Appellant also acknowledged that, as a result of the stipulation, his appellate rights were limited to challenging (1) his stipulation as not voluntary, knowing, or intelligent; (2) the legality of the sentence of imprisonment as exceeding the statutory maximum; and (3) the stewardship of his counsel. *See* N.T. *Gagnon II* Hearing at Exhibit D1, p. 4. Appellant's challenge here does not fall within one of those categories.

Accordingly, by virtue of entering the stipulation, Appellant waived his right to challenge the finding that he violated the terms of his parole by committing a new crime. Even if Appellant had not waived his sufficiency challenge, in light of his stipulation that he violated parole, the trial court's disposition is supported by sufficient evidence. *See Commonwealth v. Kalichak*, 943 A.2d 285, 292-93 (Pa. Super. 2008) (explaining that where a defendant enters a negotiated stipulation admitting that he violated the terms of his supervision, including the commission of a new crime, the stipulation provides sufficient grounds for the trial court to revoke parole.).[5]

---

[5] *Foster* and *Koger* provide no support for Appellant's argument because the defendants in those cases did not stipulate that they violated their supervisory conditions and, thus, the Commonwealth was required to meet its evidentiary burden to establish that the defendant violated his parole. Here, however, Appellant stipulated that, as a result of his commission of a crime while he was on parole, he violated the terms of his parole.

**Parole Revocation Sentence**

Appellant also asserts that the trial court erred in recommitting him to serve his back time because his summary Harassment conviction cannot be the basis for a parole revocation. Appellant's Br. at 14-15 (citing **Hufmen v. Bd. of Prob. & Parole**, 58 A.3d 860, 865 (Pa. Cmwlth. 2012)).[6]  Appellant did not raise this issue in his Pa.R.A.P. 1925(b) Statement.  It, is, thus waived. **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020); Pa.R.A.P. 302(a).[7]

---

[6] In **Hufmen**, the Pennsylvania Board of Probation and Parole recommitted the parolee to prison after he was convicted of a summary offense. The Commonwealth Court reversed, holding that a summary offense cannot support a parole revocation. **Hufmen**, 58 A.3d at 865 (citing 61 Pa.C.S. 6138(a)(1)). However, seven years later, the legislature amended the relevant statute to provide that, where a parolee who is under the jurisdiction of the Pennsylvania Board of Probation and Parole commits a summary Harassment offense, he "may at the discretion of the board be recommitted as a parole violator[.]" 61 Pa.C.S. § 6138(a)(1.1)(ii).  The holding in **Hufmen** has, thus, been abrogated by statute. In any event, Appellant is supervised by the Montgomery County Board of Probation and Parole so neither **Hufmen** nor the new legislation is relevant here.

[7] Even if not waived, we would conclude the issue warrants no relief.  It is well-settled that in cases not under the control of the State Board of Parole, the power of the court after a finding of violation of parole is "to recommit to jail...." **Commonwealth v. Fair**, 497 A.2d 643, 645 (Pa. Super. 1985); **Holmes**, 933 A.2d at 66. "Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." **Kalichak,** 943 A.2d at 291.  Here, following parole revocation, the trial court properly directed Appellant to serve the time remaining on his incarceration sentence. Accordingly, even if Appellant had not waived this issue, we would conclude it has no merit.

- 8 -

**Conclusion**

We find that the trial court lacked the authority to anticipatorily revoke Appellant's sentence of probation because Appellant engaged in criminal conduct while on parole, and not probation. We, therefore, vacate the portion of the order revoking Appellant's probation. We otherwise affirm the remaining portions of the Order.

Probation violation and revocation vacated. Parole revocation and recommittal affirmed.

Judge McCaffrey joins the opinion.

Judge Stabile files a Concurring Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/08/2022