J-S30045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY ROSENBERGER | : | |
| | : | |
| Appellant | : | No. 910 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 10, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001480-2020

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED SEPTEMBER 08, 2022**

Gregory Rosenberger (Rosenberger) appeals from the judgment of sentence imposed by the Court of Common Pleas of Montgomery County (trial court) after he stipulated to being in violation of his parole.  On appeal, he alleges that his stipulation was not knowing and voluntary because the trial court imposed a harsher sentence than that to which he agreed.  Because there was no agreement as to sentence, we affirm.

In November 2020, Rosenberger entered a guilty plea to two misdemeanor counts of harassment of his neighbors and their child.  The trial court sentenced Rosenberger to two years' probation and ordered him to have no contact with the victims.  In March 2021, the Montgomery County Adult

_____

[*] Retired Senior Judge assigned to the Superior Court.

Probation and Parole Department (Probation Department) filed a notice of violation of probation. In May 2021, following a *Gagnon II* hearing,[1] Rosenberger was found in violation and sentenced to serve three to twelve months' imprisonment with a consecutive year of probation. Rosenberger was later paroled in June 2021.

In October 2021, Rosenberger was arrested on new charges involving the same victims. As a result, the Probation Department lodged a detainer on him and filed a new notice of violation. The trial court held a *Gagnon II* hearing on March 10, 2022.[2] At the beginning of the hearing, defense counsel informed the trial court that Rosenberger would be entering an "open stipulation" to the violation and requesting sentencing that same day. As for the sentence, the Probation Department recommended that he be sentenced to serve the balance of his backtime (nine months and eighteen days) and be made eligible for reparole after six months. Defense counsel stated that after discussing the matter with Rosenberger, "the only difference between the recommendation and what we're looking for is good-time," which would have been one month. After Rosenberger was sworn in, defense counsel colloquied him and asked him if he understood that he was stipulating to the violation

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1978).

[2] The hearing was initially scheduled for January 2022 but was continued at Rosenberger's request.

and could be sentenced to serve his full backtime. Rosenberger confirmed that he understood, and the trial court accepted his stipulation and moved to sentencing. After hearing from both Rosenberger and the Commonwealth, the trial court accepted his stipulation and sentenced him to serve the full backtime with no good-time credit.[3] Rosenberger timely appealed and raises one issue for our review:

> Was [Rosenberger's] stipulation to a **Gagnon** violation at his March 10, 2022 **Gagnon** Hearing not knowing and voluntary since [Rosenberger] entered into the stipulation under the impression that he would receive either a sentence of 9 months and 18 days with release in six months (as recommended by Montgomery County Probation and the Commonwealth) or a sentence of 9 months and 18 days with release in six months and one month of good time credit (as recommended by [Rosenberger]) as opposed to the 9 month and 18 day sentence imposed by the court?

Rosenberger's Brief at 3.[4]

Rosenberger concedes on appeal that he was colloquied that by stipulating to the violation, the trial court could sentence him to the full backtime. He nevertheless argues that the "totality of the circumstances" show that he entered the stipulation believing he would be reparoled after six

---

[3] The trial court also reimposed the consecutive one year of probation and ordered that Rosenberger's commitment date was October 27, 2021.

[4] Our review of a new sentence imposed after a **Gagnon II** hearing is "limited to determining the validity of the ... revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial proceeding." **Commonwealth v. Cooper**, 277 A.3d 1190, 1193 (Pa. Super. 2022) (citation omitted). We may only vacate a sentence for an error of law or an abuse of discretion. **Id**.

months. As a result, he asserts that he was "blindsided" when he the trial court sentenced him to the full backtime since he thought that the only remaining issue was whether he received good-time credit.

After reviewing the hearing transcript, however, we find no basis for Rosenberger's argument that he was entering a closed stipulation to an agreed-upon sentence. As noted, defense counsel opened the hearing by stating "this will be an open stipulation, Judge," and that Rosenberger wished to be sentenced that day. *See* N.T., 3/10/22, at 3. When asked if there was evidence that would be presented, defense counsel responded:

> I would like to have [Rosenberger] testify, Judge. When I discussed this with [the Commonwealth], the only difference between the recommendation and what we're looking for is good-time. It's just a matter of one-month dispute in terms of times.

*Id*. at 3-4. The Commonwealth, in turn, informed the trial court that the Probation Department recommended that Rosenberger be "remanded to serve the balance of his back time, nine months, eighteen days, in [county prison], commitment to date from October 28th of 2021, and he be made eligible for reparole after serving six Months." *Id*. at 4.

After Rosenberger was sworn in, defense counsel led him through a colloquy of his stipulation to the violation. Relevant here, defense counsel asked Rosenberger the following questions, several of which pertained to the sentence the trial court could impose because he violated his parole.

> **Q** Now, do you understand that you have the right to two hearings, a *Gagnon I* and a *Gagnon II* hearing? In this case,

- 4 -

your Gagnon I requirement is satisfied by your preliminary hearing in your new case. Do you understand that?

**A** Yes.

**Q** At the *Gagnon II* hearing, the District Attorney would have to show by a preponderance of the evidence, which means more likely than not, that you violated. Do you understand?

**A** Yes.

**Q** And do you understand that by stipulating or agreeing that you're in violation you're relieving them of that burden of proof?

**A** Yes.

**Q** Has anybody forced, threatened or coerced you to stipulate or agree that you're in violation?

**A** Yes.

**Q** Listen to my question. Has anybody forced, threatened or coerced you to do this stipulation today?

**A** No.

**Q** You're doing this of your own free will?

**A** Yes.

**Q** Do you feel like you've had enough time to talk to me about this?

**A** Yes.

**Q** And you're satisfied with my advice so far?

**A** Yes.

**Q** All right. And you understand that whenever you have a *Gagnon* hearing, the Judge hearing the case has the ability to give you any or all of the time that you have, your exposure. Do you understand that?

**A** Yes.

**Q** In this case, that's nine months and eighteen days of back time plus one year of probation exposure. Do you understand?

**A** Yes.

**Q** All right. **And even if we did have an agreement, which we don't,** the Judge could disregard the agreement and sentence you to the maximum of your exposure. Do you understand?

**A** Yes.

*Id*. at 7-8 (emphasis added).

After going over these questions, defense counsel then reviewed a written colloquy for the violation that Rosenberger had signed entitled "Probation/Parole Stipulation." *Id*. at 9 (Defense Exhibit D-1). Rosenberger confirmed that he answered all the questions in the written colloquy truthfully and, if asked again on the record, would give the same answers. *Id*. Accordingly, the trial court found that Rosenberger "knowingly, intelligently, and voluntarily stipulated to being in violation of his parole and probation," and proceeded to sentencing. *Id*. at 13.

During the sentencing portion of the hearing, defense counsel reiterated that they were "in agreement" with the Probation Department's recommendation except for good-time credit. *Id*. at 18. In response, the Commonwealth argued that good-time credit was not appropriate because, among other reasons, this was Rosenberger's second violation and he had continued to harass the same victims. *Id*. at 18-19. Ultimately, however,

the trial court rejected the recommended sentence and imposed the full backtime, explaining

> … Probation recommended six months with no good time. I will tell you truthfully, I think that that is insufficient. I know that the new charges are still pending, and I recognize that Mr. Rosenberger is innocent until proven guilty of those offenses. But this Court, in addressing the violation of probation and parole, still has the obligation to ensure the protection of the community.

*Id*. at 22.

The trial court explained its reasoning again in its Pa.R.A.P. 1925(a) opinion, emphasizing that it was not bound in any manner by the parties' sentencing recommendations:

> In imposing sentence upon Appellant, the court considered its obligation to impose a sentence that will protect the community and protect the public. The court is not required to accept the recommendation of the Probation and Parole Department. Rather, the court has the discretion to sentence up to the maximum exposure, which in this case is nine (9) months and eighteen (18) days. [Rosenberger] unequivocally stated that he understood that the court could impose any sentence up to the maximum of his exposure of nine (9) months and eighteen (18) days plus one (1) year of probation. (N.T. Gagnon I & II/Sentencing 3/10/22 at 8). [Rosenberger's] stipulation was knowing, intelligent and voluntary. [Rosenberger's] claim that he believed he would receive either the sentence recommended by Montgomery County Adult Probation and Parole or the sentence proposed by his attorney is contrary to the evidence.

Trial Court Opinion, 5/20/22, at 7.

We find no error in this analysis. As the above review of the hearing shows, Rosenberger entered an "open stipulation" that was not conditioned on him receiving a specific sentence. While he did not object to the Probation Department's recommendation, that is not the same thing as conditioning his

stipulation to the violation on him receiving a specific sentence, which he never did. Indeed, as he confirmed during his on-record colloquy, there was no agreement to sentencing, and the trial court was free to sentence him to his full backtime of nine months and eighteen days, which Rosenberger acknowledged. *See* N.T. at 8. In fact, defense counsel clarified during the colloquy that even if the Commonwealth and Rosenberger agreed on the sentence (which they did not), the trial court was not bound by that agreement as part of accepting his stipulation. *Id*. (emphasized above).

This being the case, it is evident that Rosenberger's real complaint is with the trial court not simply following the Probation Department's recommendation that he be reparoled after six months. The trial court, however, was not bound by that recommendation because it was that—a recommendation—and not a condition of him waiving his right to the *Gagnon II* hearing and stipulating that he was in violation of his parole. Accordingly, we find that Rosenberger's stipulation was knowing, intelligent and voluntary, and that the trial court committed no error in sentencing him to serve the full amount of backtime.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/8/2022*