**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN DENNIS SNYDER | : | |
| | : | |
| Appellant | : | No. 447 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 15, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000430-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN DENNIS SNYDER | : | |
| | : | |
| Appellant | : | No. 448 WDA 2021 |

Appeal from the Order Entered July 15, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000523-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN DENNIS SNYDER | : | |
| | : | |
| Appellant | : | No. 449 WDA 2021 |

Appeal from the Order Entered July 15, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000356-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| RYAN DENNIS SNYDER | : |  |
|  | : |  |
| Appellant | : | No. 450 WDA 2021 |

Appeal from the Order Entered July 15, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000013-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| RYAN DENNIS SNYDER | : |  |
|  | : |  |
| Appellant | : | No. 451 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 15, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000431-2019

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: OCTOBER 19, 2022**

In this consolidated appeal, Appellant, Ryan Dennis Snyder, argues that the trial court erred in finding that he anticipatorily violated his probation and then imposing a sentence of incarceration. Appellant also challenges the calculation of credit for time served for his new sentences of incarceration ("2020 VOP Sentences"). We agree that the trial court lacked the authority to find that Appellant anticipatorily violated his probation, and we vacate the 2020 VOP Sentences and remand to reinstate the original probationary

- 2 -

sentences. We also find moot the issue of awarding credit for time served for the 2020 VOP Sentences since we have vacated that sentence.

On March 2, 2018, the trial court sentenced Appellant at four docket numbers. At the first docket number, the trial court sentenced Appellant to 3 to 9 years' incarceration ("2018 Incarceration Sentence"). At the remaining three docket numbers, the trial court imposed concurrent terms of one year probation to run consecutively to the 2018 Incarceration Sentence. ("2018 Probation Sentences"). On March 4, 2019, the State Board of Probation and Parole released Appellant on parole for the 2018 Incarceration Sentence. The parole portion of the 2018 Incarceration Sentence will expire on June 29, 2024.

On June 30, 2020, while on parole and before his probationary sentences began, Appellant entered a negotiated guilty plea to new charges ("2020 Guilty Plea"). At the hearing, Appellant acknowledged that his guilty plea constituted a violation of his 2018 Probation Sentences. The trial court agreed and found that Appellant anticipatorily violated probation and revoked his 2018 Probation Sentences. The court sentenced Appellant to three concurrent terms of 5 to 10 years' incarceration for violating the 2018 Probation Sentences (*i.e.*, the 2020 VOP Sentences). The court ordered that the 2020 VOP Sentences run consecutive to the sentence the trial court imposed pursuant to the 2020 Guilty Plea. Appellant appealed.

Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

1. Did the trial court lack the authority to revoke the 2018 Probation Sentences when Appellant was not serving probation, but still on parole for another sentence?

2. Did the court violate the terms of Appellant's 2020 Guilty Plea agreement where it did not compel adult probation to award Appellant 1,318 days' time credit toward the 2020 VOP Sentences?

3. Was Appellant's 2020 Guilty Plea rendered involuntary by his failure to receive 1,318 days' time credit toward the 2020 VOP Sentences?

Appellant's Br. at 11-12 (reordered and rephrased for ease of analysis).

**A.**

In his first issue, Appellant argues that the trial court erred by anticipatorily revoking his probation and imposing the 2020 VOP Sentences. Appellant's Br. at 31-33. We agree.[1]

"A claim of anticipatory revocation of probation and the imposition of a new sentence raises a non-waivable challenge to the legality of the sentence." ***Commonwealth v. Cooper***, 277 A.3d 1190, 1194 (Pa. Super. 2022). ***See also Commonwealth v. Simmons***, 262 A.3d 512, 515 (Pa. Super. 2021) (*en banc*). Thus, our standard of review is *de novo* and scope of review is plenary. ***Cooper***, 277 A.3d at 1194.

In ***Simmons***, this Court overruled long-standing precedent allowing a trial court to anticipatorily revoke probation based on crimes the defendant

---

[1] Appellant did not raise this issue in his Rule 1925(b) Statement. We address it as a non-waivable challenge to the legality of the VOP sentence. ***See Commonwealth v. Cooper***, 277 A.3d 1190, 1194 (Pa. Super. 2022). The Commonwealth agrees that the trial court erred by anticipatorily revoking Appellant's probation. ***See*** Commonwealth's Br. at 1-3.

committed while on parole. *Simmons*, 262 A.3d at 523-27. The *Simmons* court held that where a court has imposed a sentence of probation to be served consecutive to a term of incarceration and the defendant commits a crime while on parole, the trial court lacks the statutory authority to find an anticipatory violation of probation and revoke it. *Id.* Consequently, when a trial court has sentenced a defendant to a period of incarceration for one conviction and a consecutive term of probation for other convictions and the defendant commits a crime while on parole for the first sentence, a trial court may not find that the new crime constitutes a violation of probation for the probationary sentences.

In this case, when Appellant acknowledged that he violated the terms of his 2018 Probation Sentences, Appellant was on parole and had not begun serving his probationary sentences. Since Appellant's violations occurred while he was on parole, and before he had begun serving probation, the court erred by anticipatorily revoking Appellant's probation and imposing the VOP Sentences.[2] We, therefore, vacate the 2022 VOP Sentences and remand to the trial court with instructions to reinstate the 2018 Probation Sentences.

_____

[2] We note that the trial court did not err at the time it determined that Appellant had anticipatorily violated the 2018 Probation Sentences. When the trial court revoked Appellant's probation, anticipatory revocation was an approved practice. *See Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa. Super. 1980) (permitting anticipatory probation revocation). During the pendency of this appeal, however, the *Simmons* Court overruled the general practice of anticipatory revocation, and this Court "appl[ies] the law in effect at the time of the appellate decision." *Commonwealth v. Chesney*, 196 A.3d 253, 257 (Pa. Super. 2018).

**B.**

Appellant's second and third issues challenge the legality of the 2020 Guilty Plea on the grounds that Appellant pled guilty because he believed that he would receive credit for time served toward the 2020 VOP sentences. *See* Appellant's Br. at 11-12, 24-31. Since we have vacated the 2020 VOP Sentences and, therefore, he is not subject to incarceration on them, Appellant's challenge to his 2020 Guilty Plea on the grounds that he did not receive credit for time served is moot.

**C.**

In conclusion, we vacate the 2020 VOP Sentences and remand to the trial court with instructions to reinstate the 2018 Probation Sentences. We affirm the judgment of sentence imposed as a result of the 2020 Guilty Plea.[3]

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/19/2022

---

[3] Specifically, we vacate the orders entered at docket numbers CP-33-CR-0000356-2015, CP-33-CR-0000523-2015, and CP-33-CR-0000013-2016, which revoked Appellant's probation and imposed the 2020 VOP Sentences. We affirm the judgment of sentence entered at dockets CP-33-CR-0000430-2019 and CP-33-CR-0000431-2019, imposed as a result of the 2020 Guilty Plea.