J-A28002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CM REGENT INSURANCE COMPANY A/S/O NAZARETH AREA SCHOOL DISTRICT | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : | |
| | : | No. 1297 EDA 2022 |
| INTEGRITY ROOFING, INC. | : : | |

Appeal from the Order Entered April 25, 2022
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  C-0048-CV-2020-03548

BEFORE:  PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MARCH 6, 2023**

CM Regent Insurance Company, acting as subrogee of Nazareth Area School District ("NASD"), appeals from the order granting summary judgment to Integrity Roofing, Inc., on CM Regent's claim that Integrity Roofing was negligent in failing to secure its worksite at NASD's high school gym before a rainstorm. On appeal, CM Regent argues the trial court erred in concluding a waiver of subrogation clause in the contract between NASD and Integrity Roofing precluded relief on CM Regent's negligence claim. We disagree and therefore affirm.

NASD hired Integrity Roofing to replace the roof of its high school. While Integrity Roofing was replacing the roof, a leak occurred, causing damage to the school's wooden gym floor. CM Regent paid for the repairs

pursuant to NASD's insurance policy with CM Regent. CM Regent subsequently initiated this action as a subrogee of NASD, asserting claims for breach of contract and negligence based on allegations that Integrity Roofing had negligently failed to properly secure the worksite before a rainstorm.

After Integrity Roofing filed preliminary objections to CM Regent's complaint, CM Regent filed an amended complaint, asserting only a cause of action for negligence based on the same allegations. The parties proceeded to discovery. At the close of discovery, Integrity Roofing filed a motion for summary judgment asserting that CM Regent's claims were barred by the waiver of subrogation clause in the contract between NASD and Integrity Roofing. Specifically, that clause provided that all parties to the contract waived any claims against other parties for damages to property that were covered by insurance policies:

> [NASD] and [Integrity Roofing] waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other … for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to Paragraph 5.04 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by [NASD] as fiduciary. … A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.

Supplementary Conditions to Roof Replacement Contract, SC-5.06(I), attached as Exhibit F to Integrity Roofing's Motion for Summary Judgment.

The trial court agreed with Integrity Roofing and concluded CM Regent's claims were barred by the waiver of subrogation clause. **See** Opinion of Court, 4/25/22, at 5. CM Regent then filed this timely appeal. The trial court directed CM Regent to file a statement of errors on appeal pursuant to Pa.R.A.P. 1925, and CM Regent timely complied.

We review orders granting summary judgment for an error of law:

> In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows:  An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

**Gerber v. Piergrossi**, 142 A.3d 854, 858 (Pa. Super. 2016) (citation and brackets omitted).

CM Regent first argues the trial court erred by failing to recognize the claim in its amended complaint was for negligence, not breach of contract. CM Regent contends waiver of subrogation clauses apply only to breach of

contract claims, not negligence claims. *See* Appellant's Brief, at 15 (*citing Community Association Underwriters of America v. Rhodes Development Group, Inc.*, 488 Fed. Appx. 547 (3d Cir. 2012)).[1] Contrary to CM Regent's assertion, however, a waiver of subrogation clause "is enforceable whether or not such waiver relates to the contractor's own negligence." *Universal Underwriters Ins. Co. v. A. Richard Kacin, Inc.*, 916 A.2d 686, 692 (Pa. Super. 2007) (citation omitted).

CM Regent attempts to evade the applicability of *Universal Underwriters* by drawing a distinction between misfeasance and nonfeasance. First, we are not persuaded that the alleged failure to properly secure the worksite from a rainstorm is better classified as misfeasance as opposed to nonfeasance. But even if it is, we find no basis in *Universal Underwriters* to treat negligence claims based on allegations of misfeasance differently from negligence claims based on allegations of nonfeasance. Therefore, CM Regent's first argument on appeal merits no relief.

Next, CM Regent argues the waiver of subrogation clause is not enforceable because it is contrary to public policy. CM Regent asserts that Integrity Roofing "should not be immunized [pursuant to the waiver of

---

[1] "[A]bsent a United States Supreme Court pronouncement, the decisions of federal courts are not binding on Pennsylvania state courts …." *NASDAQ OMX PHLX, Inc. v. Pennmont Securities*, 52 A.3d 296, 303 (Pa. Super. 2012). Further, *Community Association* is not a published decision of the Third Circuit. Therefore, it is not considered binding precedent even in that court. *See U.S. v. Lofton*, 393 Fed. Appx. 872, 874 n.4 (3d Cir. 2010).

subrogation clause], since the contract at issue affects all taxpayers in the [NASD] and involves a public building which clearly is an interest of the [Commonwealth]." Appellant's Brief, at 20. The trial court does not address this argument, because this argument was not fairly suggested by CM Regent's Rule 1925(b) statement:

> Specifically, [CM Regent] challenges the following rulings/findings:
>
> (1)  Whether the [c]ourt erred by not assessing the "Gist-of-the-Action" doctrine pursuant to **Bruno v. Erie [I]ns. Co.**, 106 [A.3d] 48 (Pa. 2014), which analysis would have concluded that this case was the result of misfeasance and not non-feasance. Such an analysis would lead to the conclusion that the contractual "waiver of subrogation" defense is not applicable to the negligence tort claim. This analysis was appreciated in **Community Ass'n Underwriters of America v. Rhodes Dev. Group, Inc.**, 488 F. App'x 547 ([3d] Cir. 2012).
>
> (2)  Whether the [c]ourt's decision was in error allowing a "Waiver of Subrogation" clause to dismiss a negligence claim, when the contractual waiver of subrogation clause at issue[] does not specifically delineate negligence as an item or circumstance to be waived.

Concise Statement of Errors Complained of on Appeal, 6/3/22. This issue is therefore waived. **See Commonwealth v. Cooper**, 277 A.3d 1190, 1195 (Pa. Super. 2022) (holding that issues not raised in a 1925(b) statement are waived).

As neither of CM Regent's issues on appeal merit relief, we affirm the order granting summary judgment in favor of Integrity Roofing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/2023