IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne Williams, : 
          Petitioner : 
  : No. 1100 C.D. 2022
     v. : 
  : Submitted: November 6, 2023
Pennsylvania Parole Board, : 
          Respondent : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED: December 7, 2023


Wayne Williams (Williams) petitions for review of the September 21, 2022 order of the Pennsylvania Parole Board (Board). Therein, the Board affirmed its decision mailed May 13, 2022, which recommitted Williams as a convicted parole violator (CPV) for six months, denied credit for time spent at liberty on parole, and recalculated his maximum sentence date to be September 13, 2024. Williams' appointed counsel, Kent D. Watkins, Esq. (Counsel), submitted an Application to Withdraw as Counsel (Application) along with a *Turner*[1] letter, in which Counsel contends that the arguments raised by Williams in his Petition for Review are frivolous and without merit. Upon review, we affirm the Board's decision and grant Counsel's Application.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

# I. FACTS AND PROCEDURAL HISTORY

The relevant facts of this appeal are as follows. On July 16, 2018, Williams was sentenced to serve one year and four months to five years' incarceration for driving under the influence. (Certified Record (C.R.) at 1.) Additionally, Williams was serving two additional concurrent sentences of three months to one year for false identification to law enforcement authorities and six months to two years for fleeing or attempting to elude an officer. *Id.* At that point, Williams' minimum sentence date was August 18, 2019, and his maximum sentence date was April 18, 2023. *Id.* Williams was paroled on August 19, 2019. (C.R. at 7-8.)

On January 14, 2021, Williams was arrested for criminal conspiracy, burglary, terroristic threats, simple assault, possession of a small amount of marijuana, possession of drug paraphernalia, and harassment. (C.R. at 16, 25.) That same day, the Board issued a warrant to commit and detain Williams. (C.R. at 11.) Williams did not post bail. (C.R. at 25.) On February 3, 2021, Williams pled guilty to defiant trespass. (C.R. at 18-23, 26.) The same day Williams was sentenced and ordered to pay fines and costs. (C.R. at 18-23.)

On March 18, 2021, the Board provided Williams a notice of its intention to hold a revocation hearing, and Williams waived his right to a revocation hearing and to counsel and admitted to his new convictions. (C.R. at 30-32.) On March 26, 2021, the Board held its revocation hearing, and the hearing examiner recommended to recommit Williams as a CPV to serve six months' backtime and award him credit for time spent at liberty on parole. (C.R. at 33-41.) The Board members agreed. *Id.*

On February 25, 2021, Williams requested to withdraw his guilty plea, and his disposition hearing was cancelled. (C.R. at 49.) As a result, the Board rescinded its prior actions to recommit Williams as a CPV and detained him pending the disposition of his outstanding criminal charges. (C.R. at 46.)

2

On March 25, 2022, Williams entered a plea of *nolo contendere* to defiant trespass. (C.R. at 55-59, 88.) Williams was sentenced to serve one year of probation. (C.R. at 55-59.)

Again, the Board provided Williams with notice of its intention to hold a revocation hearing on May 2, 2022. (C.R. at 67.) Williams waived his right to a revocation hearing and to counsel and admitted to his new convictions. (C.R. at 68-71.) The Board held its revocation hearing on May 4, 2022, and the hearing examiner recommended to recommit Williams as a CPV and deny him credit for time spent at liberty on parole. (C.R. at 72-80.) The Board members agreed. *Id.*

By decision mailed May 13, 2022, the Board recommitted Williams as a CPV for six months for his defiant trespass conviction. (C.R. at 44-45.) The Board denied credit for time spent at liberty on parole due to Williams' unresolved drug and alcohol issues. (C.R. at 97-98.) Williams' maximum sentence date was recalculated to be September 13, 2024. (C.R. at 95.) Williams filed an administrative remedies form with the Board on May 31, 2023, which challenged his recommitment as a CPV. (C.R. at 99-100.) The Board affirmed its decision by an order mailed September 21, 2022.

Williams' appeal to this Court followed. This Court appointed Counsel to represent Williams in his appeal. Thereafter, Counsel filed an Application and *Turner* letter based on his belief that Williams' appeal is without merit. Williams filed a *pro se* brief in support of his petition for review, and the Board filed a brief in response.

This matter is now before us for disposition.

## II.     ISSUES

On appeal,[2] Williams presents five issues.  First, Williams argues that the Board failed to give him credit for time spent confined solely on the Board's detainer and credit for backtime.  Second, Williams contends the Board improperly extended his maximum sentence.  Third, Williams contends that because he was convicted before a magisterial district judge, it was a technical parole violation rather than a revocation case.  Fourth, Williams asserts that the Board did not rescind its February 6, 2021 decision, and, therefore, that decision is still in effect.  Fifth, and finally, Williams argues the Board abused its discretion in denying credit for time at liberty on parole.

## III.     DISCUSSION

### A. *Turner* Letter

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Turner*; and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf.  *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013).  Once appointed counsel has complied with the technical requirements for withdrawal, we independently review the merits of the petitioner's claims.  *Id.* at 70.

---

[2] Our scope of review is limited to a determination of whether the necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated.  *See* 2 Pa. C.S. § 704; *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16, 18 n.3 (Pa. Cmwlth. 2018).

4

Upon review, Counsel's letter satisfies the technical requirements of *Turner*. The letter sets forth the procedural history of the case, reflecting his review of the record. Counsel states that he conducted a conscientious and thorough review of the record, applicable statutes, and case law. He sets forth the issues Williams raised in his administrative remedies form and Petition for Review. Counsel provides a thorough analysis of why the case lacks merit and cites applicable regulations and case law in support. Based on his review, Counsel concludes that Williams' appeal to this Court is without merit, and he requests permission to withdraw.

Counsel provided Williams a copy of the *Turner* letter and his request to withdraw. He also advised Williams of his right to retain new counsel or proceed *pro se*. As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Williams' petition for review lacks merit.

## B. Independent Review of the Merits

### i. Waiver

First, Williams argues several issues for the first time on appeal: (1) the Board should have credited him time spent solely on the Board's detainer and credited him backtime; (2) the Board improperly extended his maximum sentence; (3) the Board did not rescind its February 6, 2021 decision, and, therefore, that decision is still in effect; and (4) the Board abused its discretion in denying credit for time at liberty on parole.

As we have previously stated:

> Issues not raised . . . before the Board in an administrative appeal are waived for the purposes of appellate review by this court. Although Counsel does not raise the issue of waiver in [his] no-merit letter, this Court may *sua sponte* refuse to address an issue on appeal that was not raised or preserved below.

5

*Madison v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 754 C.D. 2020, filed July 27, 2021).[3]

In his administrative appeal, Williams argued only that the Board erred in its decision to recommit him as a CPV, and the recommitment term imposed. However, Williams did not raise any of the above-mentioned issues. Therefore, although Counsel addressed these in his *Turner* letter, we conclude that Williams has waived these issues for purposes of appellate review.

### ii. Whether the Board was authorized to recommit Williams as a CPV

Next, we turn to Williams' argument that the Board erred in recommitting him as a CPV because he entered his plea and was sentenced before the trial court "sitting as a magisterial judge." (Williams' Brief at 3.) From what the Court can glean from Counsel's *Turner* letter and Williams' *pro se* brief, Williams argues that because he was convicted before a magisterial district judge, this is a technical parole violation instead of a CPV case. In his *pro se* brief, Williams cites *Hufmen v. Pennsylvania Board of Probation and Parole*, 58 A.3d 860 (Pa. Cmwlth. 2012) and argues that the conviction was not in a court of record because it was before a trial judge operating as the functional equivalent of a magisterial district judge. We disagree.

Initially, we note that Section 6138(a)(1) of the Prisons and Parole Code (Code)[4] provides:

> A parolee under the jurisdiction of the [B]oard released from
> a correctional facility who, during the period of parole or

---

[3] An unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[4] Prisons and Parole Code, 61 Pa.C.S. §§ 101-7301. The Code became effective on October 13, 2009. The General Assembly recently amended the [] Code through the Act of June 30, 2021, P.L. 260, No. 59, which, *inter alia*, changed some of the language in commonly cited sections of the [] Code.

while delinquent on parole, **commits a crime punishable by imprisonment**, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or **nolo contendere** at any time thereafter in a court of record, **may at the discretion of the [B]oard be recommitted as a parole violator**.

61 Pa.C.S. § 6138(a)(1) (emphasis added). Thus, "[i]n order for a parolee to be classified as a [CPV], a parolee must be convicted of a crime in a court of record." *Goodwine v. Pennsylvania Board of Probation and Parole*, 960 A.2d 184, 186 (Pa. Cmwlth. 2008).

In *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875 (Pa. Cmwlth. 2012), the Board recommitted the parolee after he pled guilty before the Philadelphia County Municipal Court to disorderly conduct, a summary offense. The parolee sought administrative review, arguing that since he was convicted by the Municipal Court sitting as a magisterial district judge over a summary offense, his conviction was not by a court of record and, thus, he could not be recommitted as a CPV. The Board upheld its decision. On appeal to this Court, we reversed, stating that "a conviction for a summary offense before the Municipal Court . . . is the functional equivalent of a conviction before a magisterial district judge[]" and, thus, "is not a conviction in a court of record for the purposes of [S]ection 6138(a)(1) of the [] Code." *Id.* at 880.

Additionally, in *Hufmen*, this Court similarly addressed the capacity in which the court of common pleas was acting when it disposed of a summary offense conviction under Section 6138(a)(1) of the Code. There, the parolee was arrested and charged with retail theft, conspiracy to commit retail theft, and resisting arrest, which is a second-degree misdemeanor. After the preliminary hearing, the case was transferred to the court of common pleas. There, the parolee pled guilty to one count of retail theft, which is a summary offense, and the Board recommitted the parolee as a CPV. Subsequently, the parolee filed an administrative appeal with the Board and

7

argued that because the court of common pleas was acting as a magisterial district judge when it accepted his guilty plea, he was not convicted in a court of record and thus, the Board erred by recommitting him based on a summary offense. The Board denied the parolee's administrative appeal. On appeal to this Court, we reversed the Board and determined:

> Applying . . . *Chesson*, we must conclude that a conviction for a summary offense before a judge of the court of common pleas is the functional equivalent of a conviction before a magisterial district judge, which makes [the parolee's] conviction of the summary offense of retail theft not a conviction in a court of record for the purposes of Section 6138(a)(1) of the Code. Accordingly, because a conviction of only a summary offense, whether before a magisterial district judge or a common pleas judge, is not alone a sufficient basis to recommit a parolee as a [CPV], the order of the Board is reversed.

*Hufmen*, 58 A.3d at 865. Moreover, we stated that

> [t]he law is well settled that a summary offense conviction by a magisterial district judge, or [court of] common pleas judge sitting as a magisterial district judge, is not a conviction in a court of record and that the Board is not authorized to recommit a parolee as a [CPV] for such conviction.

*Id.* at 863.

This Court has applied *Chesson* and *Hufmen* in similar cases to determine whether the Board has the authority to recommit a CPV under Section 6138(a)(1) where the parolee was convicted of a crime in a court of record. *See, e.g.*, *Goodwine; Jackson v. Pennsylvania Board of Probation and Parole*, 951 A.2d 1238 (Pa. Cmwlth. 2008) (holding that the Board was not authorized to recommit the parolee as a CPV because the judge was acting as magisterial district judge and, thus, the parolee was not convicted in a court of record); *Nicholas v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1375 C.D. 2018, filed July 16, 2019) (determining that

8

because parolee pled guilty to a misdemeanor and not a summary offense, the Board was authorized to recommit the parolee as a CPV).

Our prior decisions in *Hufmen*, *Chesson*, *Goodwine*, and *Jackson* make it clear that the Board is prohibited from recommitting a parolee as a CPV where a parolee pleads guilty before a magisterial district judge or a common pleas court judge presiding as a magisterial district judge over a **summary offense** because the plea was not made before a court of record. However, here, the Board admitted into evidence Williams' Blair County Criminal Docket, which reflects that, on February 3, 2021, Williams entered a *nolo contendere* guilty plea for defiant trespass. (C.R. at 26.) Thus, Williams was not convicted of a summary offense and was instead convicted of defiant trespass, which is a third-degree misdemeanor. Therefore, Williams' conviction for misdemeanor defiant trespass was a conviction for which the Board was authorized to recommit him as a CPV.

## IV. CONCLUSION

Based on the foregoing discussion, we agree with Counsel that Williams' petition for review has no merit. Accordingly, we grant Counsel's Application and affirm the Board's decision.

_____
PATRICIA A. McCULLOUGH, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne Williams,                :
         Petitioner      :
                               :    No.   1100 C.D. 2022
      v.                    :
                               :
Pennsylvania Parole Board,   :
         Respondent   :

## *__ORDER__*

      AND NOW, this 7th day of  December, 2023, the September 21, 2022 order of the Pennsylvania Parole Board is hereby AFFIRMED and the Application to Withdrawal as Counsel filed by Attorney Kent D. Watkins is hereby GRANTED.

 

_____

PATRICIA A. McCULLOUGH, Judge